## The People, *ex rel.* Hughes *vs.* Gillespie.

The superior court of the city of San Francisco has no jurisdiction of proceedings by *quo warranto;* and a judgment of that court, by which it was determined that A. was not entitled to hold his seat as a member of the Board of Aldermen of that city, was accordingly reversed on appeal.

Appeal from the superior court of the city of San Francisco. The decision of this court was based solely upon the ground that the superior court had no jurisdiction in the premises. The section of the act by which the superior court was established, and which defines its jurisdiction, is in the following words :— "Sec. 4. The said superior court shall have the same original "jurisdiction within the limits of the city of San Francisco, *in* "*civil cases*, as is, or may be, conferred by law upon the dis- "trict court." The superior court held that it had jurisdiction in the present case, and rendered judgment against the defend- ant. He appealed. The other matters, so far as the decision of this court is concerned, are stated in the opinion of the court.

*Lathrop S. Eddy*, for the relator.

*John W. Dwinelle*, for the defendant.

*By the Court*, Hastings, Ch. J. The relator states that David Gillespie, in violation of the constitution of the state of California and of the charter of the city of San Francisco, has been elected to, and continues to exercise, the office of alderman

The People v. Gillespie.

of said city—that at the time of his election, he was ineligible to said office by reason of his non-residence in said state for the term required by law, &c. The superior court seems to have overlooked the first question argued here as to its jurisdiction in cases of proceedings by *quo warranto*, and proceeded to pass upon the eligibility of the respondent at the time of his election. We do not think that the superior court of the city of San Francisco has any jurisdiction of information by *quo warranto*. At common law the information lay only in a superior court, namely, in the king's bench, (4 *Cowen*, 102,) in this state in the district court. (*See act to organize the district court, &c., sec.* 8.) In other of the United States, in the superior courts of the state. (*See authority above cited.*) This writ was denied at the last term of this court in the case of *The Attorney General, ex parte, (ante, p.* 85,) for the reason that the supreme court of this state possesses no original jurisdiction; and, in that case, it was decided that this proceeding could only be entertained in the district courts of this state, being the courts of the highest original jurisdiction. The superior court of the city of San Francisco is an inferior court. (*See constitution of California, Art.* 5 ; *see Act also, An Act to to establish a municipal court in the city of San Francisco, sec.* 1.) By these authorities it will appear that the legislature could not, and did not intend to, create any other than an inferior court. The legislature did not attempt to give jurisdiction by *quo warranto* to this court ; if so, the jurisdiction would have been expressly granted. (*See act to establish superior court, sections* 4 *and* 13, *and the act to organize the district courts.*) It will be seen that the district courts not only possess original jurisdiction in all civil cases, but they are especially authorized to issue, among others, the writ of *quo warranto*. In the act referred to above, to establish the superior court, the sections enumerating its powers do not specify the proceeding by *quo warranto*, although some of the extraordinary writs are mentioned. In *Commonwealth* v. *Lancaster, &c.*, (6 *Binney*, 5,) it is held that a statute taking any original jurisdiction from the supreme court in all civil cases relates to civil actions, which do not in common language, include writs of *mandamus, certiorari,*

*habeas corpus*, &c. In relation to municipal courts, which are courts of record, although inferior courts according to the constitution of the state, the law is, that nothing shall be intended to be out of the jurisdiction of such courts, but that which especially appears to be so ; and, on the contrary, nothing shall be intended to be within the jurisdiction of an inferior court, but that which is especially alleged. (*Beabicon* v. *Brinckerhoff*, 2 *Scam. Ill. Rep.* 273.) The above was laid down as the law in relation to the jurisdiction of the municipal court of the city of Chicago, a court which had concurrent jurisdiction with the circuit courts in all matters within the county of Cook, and whose jurisdiction was inferior thereto in senatorial limits only. The superior court of the city of San Francisco has not jurisdiction in criminal cases, but, as to civil actions, is entitled to the benefit of the intendment of law as to jurisdiction in courts of record. Is the proceeding by *quo warranto* civil or criminal ? It is, in form, a criminal proceeding, though, in substance, a civil one in most cases. The sovereign is the party plaintiff, and is styled by Blackstone, (4 *Comm.* 312,) a high prerogative writ. It would seem to be, and generally is, a mixed action for the double purpose of vindicating public policy and enforcing a private remedy. (*People* v. *Richardson*, 4 *Cowen*, 102 ; *Commonwealth* v. *McCloskey*, 2 *Rawle*, 381, 383.) The superior court, therefore, has no jurisdiction in proceedings by *quo warranto*. Inasmuch as this disposes of the case, it will be unnecessary to express our views as to the other points which seem to have entirely absorbed the attention of the court below. The judgment, therefore, rendered in this case, will be reversed.

Ordered accordingly.