HENRY W. SEALE, Appellant, *v.* JAMES H. MITCHELL and A. WARDWELL, Respondents.

|   5   401|
|146   630|

Where a party sues for a lot in the former Pueblo of San Francisco, and deraigns his title from the city, he is *prima facie* entitled to recover.

The statute allowing redemption of lands sold under execution, is inoperative as to those cases where the debt upon which judgment and execution was obtained, was contracted before the passage of the Act.

The Superior Court of the City of San Francisco has constitutionally all the powers which are specified in the Act creating it.

In construing statutes and the Constitution, the rule is almost universal to ad‑ here to the doctrine of *stare decisis.*

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

Ejectment for certain property situated in San Francisco.

The plaintiff, to prove his title, offered in evidence a judgment obtained in the Superior Court of San Francisco, by Peter Smith, against the city. Upon this judgment, execution had been issued, and the plaintiff had purchased the property in dispute, at Sheriff's sale. A deed from the Sheriff to the plaintiff was also submitted, which was

objected to by the defendant, on the ground that the time for redemption had not expired.

It was admitted that the property was situated within the limits of the former Pueblo of San Francisco. The Court rendered a judgment of nonsuit, and plaintiff appealed.

*Crockett & Page*, for Appellant.
No brief on file.

*Howard* and *Perley*, for Respondent.

1. The judgment of nonsuit was properly rendered. A purchaser at Sheriff's sale does not acquire title, but only a lien, until after the period limited for redemption. 7 Cow., 540, 1 Ib., 443, 501. 20 Johns , 3.

2. The Superior Court under the Constitution, has no jurisdiction of a money demand over two hundred dollars. Such jurisdiction is by the Constitution vested in the District Courts, and it is not in the power of the Legislature to create another Court co-ordinate with the District Courts.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

In the case of Cohas *v.* Raisin, 3 Cal., 443, we decided: "That before the military occupation of California by the Army of the United States, San Francisco was a Mexican Pueblo, or municipal corporation, and was invested with title to the land within her boundaries."

It results from this that where a plaintiff sues for a lot in the former Pueblo of San Francisco, and deraigns his title from the city, it is *prima facie* evidence of title. In the case of The People *ex rel.* Thorne *v.* Hays, 4 Cal., 127, this Court decided that the statute allowing redemption of lands sold under execution, was inoperative as to those cases where the debt upon which judgment and execution was obtained, was contracted before the passage of the Act.

In this case, the judgment given in evidence to sustain the plaintiff's title, was rendered before the passage of the Act providing for redemption, and so it must fall within the principle of the case last cited. It was therefore unnecessary that the Sheriff should have withheld the

deed from the purchaser until the time the redemption expired, because there was no right of redemption.

The third and last objection of respondent to the reversal sought, is that the judgment offered in evidence is void, upon the ground that the Superior Court of San Francisco, where it was rendered, has no jurisdiction under the Constitution of a money demand over two hundred dollars. This is not an open question.

In the case of The People *ex rel.* Hughes *v.* Gillespie, 1 Cal., 342, this Court held that " the Superior Court of San Francisco is an inferior Court." This was decided to be so within the meaning of the Constitution, and upon reference to that provision, which says, " the Legislature may also establish such municipal and other inferior Courts as may be deemed necessary." In that case, the jurisdiction to issue a *quo warranto* was denied to the Court, upon the ground, that in the Act establishing the Court, that proceeding is not specified. The clear result from that case is, that the Superior Court has, constitutionally, all the powers which are specified in the Act, and such has been the uniform understanding of the profession.

That decision has remained as an exposition, by the tribunal of last resort, of the character of the Court in question, for nearly five years. The community to be affected by it, have acted upon it in a vast number of juridical relations; rights of property have grown up under it, have changed hands, and passed through numerous ramifications, until it has become imperative to regard it as a rule of property which no power can disturb.

What our present opinion may be as to the merits of the decision in that case, is now of no consequence whatever. In construing statutes and the Constitution, the rule is almost universal to adhere to the doctrine of *stare decisis.* This is an adjudicated question, and the subject of its correctness is to us a sealed book.

The judgment is reversed, and the cause remanded.