LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.*
HAYNES, CARUTHERS & HYDE.

(*Nashville.*  December Term, 1904.)

**AFFIRMANCE.**  Of justice's judgment for his failure to file
papers, on production thereof by appellee.

Where, in an appeal from a judgment of a justice of the peace,
the justice fails to file the papers in the circuit court within
the time required by statute, the appellee, upon production of
the papers by him with a motion for affirmance, because of
such failure of the justice, is entitled, as a matter of right, to
his judgment of affirmance, and this motion for affirmance can-
not be intercepted by counter motion upon the part of the ap-
pellant to be allowed to file the papers and prosecute his ap-
peal.

Code cited and construed:  Secs. 4873-4875 (S.); secs. 3858-3860
(M. & V.); secs. 3142-3144 (T. & S. and 1858).

Cases cited and approved: Hayes v. Kelley, 111 Tenn., 294.

Case cited and distinguished: Humphrey v. Humphrey, 1 Swan,
154.

FROM WILLIAMSON.

Appeal from the Circuit Court of Williamson Coun-
ty.—J. A. CARTWRIGHT, Judge.

HENDERSON & HENDERSON, for Railroad.

EDGER HAYNES, for defendants.

Mr. CHIEF JUSTICE BEARD delivered the opinion of the Court.

In this case there was a judgment rendered by a justice of the peace, from which the plaintiff in error appealed to the circuit court. The magistrate failed to file the papers in the cause as required by section 4873 of Shannon's Code, so that, a few days after the term of the court to which the appeal was taken began, defendant in error presented the papers and moved for an affirmance of this judgment. The motion was resisted by the plaintiff in error, and at the same time the court was asked to permit the latter "to prosecute his appeal." This was denied, and the affirmance was entered in accordance with the motion of the defendant in error.

The action of the circuit court in this regard is assigned for error. The section referred to provides as follows: "Whenever an appeal shall be prayed and perfected from the decision of any justice of the peace in this State, it shall be the duty of said justice to file the papers in the case in the office of the clerk of the circuit court at least five days before the meeting of the circuit court. . . . Any justice of the peace failing to comply with this · section shall have no fees or costs."

Section 4874 provides thus: "If the papers are not filed within the time prescribed, the appellee may on production thereof have an affirmance of the justice's judgment with costs."

These two sections are taken from the act of 1809. In

view of this last section, it is clear that, nothing else
being in the way, the judgment in this case was proper-
ly rendered.   Under it the court had no alternative, up-
on a default being shown on the part of the justice in
failing to file the papers as required by section 4873—
the same being produced by appellee—but to grant a
judgment of affirmance.   But it is said, and properly,
that the rigor of section 4874, which is really section 2
of chapter 63 of the Acts of 1809, is moderated by sec.
2, c. 119, of the Acts of 1811, brought into the Code, and
there .numbered section 4875.   This section is as fol-
lows:   "If the justice fails to return the papers within
the time prescribed, but returns them during the term
to which the same are returnable and the appellant fails
to appear and prosecute his appeal, if he is the original
defendant, the plaintiff shall have judgment final, by
default, for the amount of the judgment of the justice
against the appellant and his sureties for the debt and
costs."

It is insisted, inasmuch as it was not the fault of the
plaintiff in error that the papers were not filed within
the time required by law, it should have been permitted
to prosecute its appeal, and that, taking these sections
of the Code together, it is evident the legislature intend-
ed the judgment of affirmance should follow a default
in prosecuting an appeal after the papers were return-
ed, and not the default of the justice in failing to return
the papers in time.   This contention is rested on *Hum-
phrey* v. *Humphrey*, 1 Swan, 154.   That case was de-

Railroad v. Haynes.

cided in 1851, and it was there said that the later act was intended to modify the strictness of the earlier one, and thus relieve the appellant from the loss incident to the negligence of the magistrate, and make him responsible only for his own laches; and it was also intimated, if not held, that the act of 1811 impliedly repealed so much of the act of 1809 as authorizes a judgment of affirmance upon the failure of the magistrate to file the papers in time. It is evident, however, that it was not the understanding of the framers of the Code that there was an implied repeal of any part of the act of 1809 by the later statute, because they bring forward the provisions of both of these acts, and, with slight alteration, they constitute the sections of the Code already quoted. Upon an examination of these sections, we discover no inconsistency or contradiction in them. Each can be made effective without conflicting with any part of the other sections. Thus construed, they have this meaning. If the justice of the peace fail to perform his statutory duty, then, upon the production of the papers by the appellee, he is entitled to have his judgment of affirmance. If he fails, however, to produce the papers, but the justice of the peace does at any time during the term, then this judgment of affirmance cannot go, save upon the failure of the appellant thereafter to prosecute his appeal. In other words, two different contingencies are provided for: First a default upon the part of the magistrate, of which the appellee may take advantage if he sees proper; and, second, if the appellee fails to se-

cure this advantage, and the papers are produced by the justice of the peace, his judgment then can only be affirmed upon the failure of the appellant to prosecute his appeal.

In other words, we think that after the papers have been produced by the appellee, with a motion for a judgment of affirmance because of the fault of the magistrate, this motion cannot be intercepted by a counter motion upon the part of the appellant to file the papers and prosecute his appeal, as provided for in section 4875. It is otherwise, however, where the papers are presented by the magistrate.

In addition, it is to be noted that the present case is distinguishable from the case in Swan in this: In that case the papers were produced in open court by the justice of the peace, when for the first time the appellee insisted upon an affirmance under the act of 1809, while in this the papers are produced by the appellee in strict accordance with the act. We think in that case the motion to affirm came too late, while in the present the motion to prosecute the appeal.

This construction of these sections harmonizes with the system embracing appeals to the circuit court. In *Hayes* v. *Kelley,* 111 Tenn., 294, 76 S. W., 891, it was held that the provisions of the statute requiring that in certain cases, where an appeal has been prayed from the judgment of the county court to the circuit court, a transcript of the record shall be delivered to the clerk of the circuit court by the first day of the term to which

the appeal is taken, and that, if the transcript is not filed within the time so prescribed, the judgment of the county court shall be affirmed, are mandatory, and upon the failure to comply therewith it is imperative upon the circuit court to affirm the judgment appealed from. The terms of the statute there called in question are not more mandatory than those used in section 4874. In both cases, we think, wherever the statutory default exists, that upon the production of the transcript in the one case, and the original papers in the other, the appellee is entitled, as a matter of right, to his judgment of affirmance.

Save for the imperative terms of the section in question, we would have no doubt the plaintiff in error would have been entitled, upon the facts presented, in the affidavits of its counsel to prosecute its appeal in the present case with a view to having the cause disposed of upon its merits. In the face, however, of its provisions we do not think this could be accorded. The judgment of the lower court is therefore affirmed.