SELLARS *v.* SELLARS.

(*Nashville.*    January 7, 1899.)

APPEAL.    *Dismissal of.*

Where the record entry fails to show that an appeal was granted, it will be dismissed, notwithstanding a recital in the appeal bond that it had been granted.

FROM  DEKALB.

Appeal from Chancery Court of DeKalb County. T. J. FISHER, Ch.

JOHN B. ROBINSON & SON for F. M. Sellars.

WEBB, CANTRELL & FOSTER for C. B. Sellars.

McALISTER, J.    Complainant filed this bill in the Chancery Court of DeKalb County for the purpose of asserting the right of homestead in a tract of land of which her husband died seized and possessed, but which had been sold under certain judicial proceedings and purchased by the defendant, C. R. Sellars.

Defendant, Sellars, filed an answer and cross bill. Proof was taken, and upon the hearing the Chan-

Sellars *v.* Sellars.

cellor decreed that complainant was entitled to a homestead. He thereupon appointed commissioners to make an assignment of homestead and dower, and he also referred the cause to the Master to report as to rents. At this stage of the proceedings, and before any report from the commissioners or Master, or final decree, the defendant attempted to appeal to this Court. An appeal was allowable in the discretion of the Chancellor. The entry of appeal failed to show that it had been granted.

In the Court of Chancery Appeals, on motion of complainant, the appeal was dismissed.

Defendant appeals and assigns as error the dismissal of his appeal. The contention of defendant is that the recital in the appeal bond that the appeal was granted is sufficient. This position is untenable. The appeal bond in a case does not necessarily come under the observation of the Court, and no intendment can be made that an appeal was actually granted from such a recital in the bond. We held at Jackson, in a recent case, that a recital in the bill of exceptions that an appeal had been granted was insufficient.

Affirmed.