THE STEAMSHIP RICHMOND HILL COMPANY, LIMITED, Respondent, *v.* JOHN C. SEAGER, Impleaded, Appellant.

1. APPEAL — ORDER REVERSING ORDER VACATING BODY EXECUTION. An order of the Appellate Division, reversing an order vacating an execution against the person of the judgment debtor, is not a final order in a special proceeding.

2. PERMISSION PREREQUISITE TO APPEAL FROM NON-FINAL ORDER. The service of a notice of appeal to the Court of Appeals from other than a final order in a special proceeding, without leave of the Appel-

late Division, is a mere nullity; and an order granting leave subsequently obtained does not validate the appeal.

3. No Right of Appeal Conferred by § 1325, Code Civ. Pro. Section 1325 of the Code of Civil Procedure, providing that an appeal to the Court of Appeals from an order must be taken within sixty days after service of a copy of the order and notice of its entry, confers no right of appeal, but merely limits the time within which appeals must be taken where the right exists.

4. Time to Appeal after Allowance of Right. The time to appeal from an order requiring an allowance by the Appellate Division to create the right to appeal may be extended by the necessity of obtaining the allowance; and when, by diligence, it has been obtained, the appeal must then be taken within a reasonable time, not to exceed sixty days.

(Submitted June 19, 1899; decided October 3, 1899.)

Motion for reargument of motion to dismiss appeal, reported 159 N. Y. 574.

The appeal was from an order of the Appellate Division in the first department, reversing an order of the Special Term which vacated an execution against the person of the defendant, judgment debtor.

*Ullo, Ruebsamen & Baldwin* for appellant, for motion.

*Wing, Shoudy & Putnam* for respondent, opposed.

Martin, J. This is an application for the reargument of a motion to dismiss the appeal herein. The motion was granted upon the ground that no valid appeal had been taken to this court. Manifestly, the order appealed from was not a final order in a special proceeding, and, consequently, no appeal could properly be taken unless allowed by the Appellate Division. Without obtaining such an allowance the appellant served a notice of appeal. He afterwards obtained an order allowing an appeal, and two questions were certified by that court to be answered by the Court of Appeals. No notice of appeal was subsequently served, so that the question presented is whether the order allowing an appeal rendered valid the appeal which was previously taken.

This is not an open question in this court.  In *Guarantee Trust & Safe Deposit Company, as Trustee,* v. *Philadelphia Reading & New England R. R. Co.* (160 N. Y. 1), which was decided at this term, it was held that the service of a notice of appeal from other than a "final order in a special proceeding, without leave of the Appellate Division, was a mere nullity ; that an order subsequently obtained did not validate the appeal, and that that court had no authority to grant an order allowing an appeal as of the date when the notice of appeal was served.

Section 9 of article 6 of the Constitution limits the jurisdiction of the Court of Appeals, and declares that appeals may be taken, as of right, only from judgments or orders entered upon decisions of the Appellate Division, finally determining actions or special proceedings.  It then provides that the Appellate Division may allow an appeal upon any question of law which, in its opinion, ought to be reviewed by the Court of Appeals.  Thus, by the express provisions of the Constitution no appeal to the Court of Appeals can be taken from other than a final order in a special proceeding until the right to appeal shall have been granted by the Appellate Division.  Until such allowance is obtained no right of appeal exists, and, consequently, any proceeding in the nature of an appeal before the right comes into existence must be regarded as nugatory.

The appellant's claim, that by section 1325 of the Code of Civil Procedure he was required to appeal within sixty days after the service of a copy of the order and notice of its entry, and, hence, that that statute conferred upon him the right to appeal without the allowance of the Appellate Division, provided it was subsequently obtained, cannot be upheld.  That section confers upon an appellant no right of appeal, but limits the time within which appeals must be taken where the right exists.  Moreover, if the purpose of that section was to authorize appeals from orders which, under the provisions of the Constitution, were not appealable, the statute to that extent would be invalid.

We are clearly of the opinion that a party has no right to appeal from an order or judgment which is not appealable without an allowance by the Appellate Division until such an allowance has been obtained. It is from and by virtue of the order of the Appellate Division that the appellant acquires his right to appeal. Before that order is granted, no such right exists, for until then it is prohibited by the Constitution. The order of the Appellate Division allowing an appeal is obviously a condition precedent to that right. Until it is obtained the right does not exist, and, hence, the notice of appeal served by the appellant anterior to obtaining such an order was a nullity and no valid appeal was taken.

We find no conflict between the conclusion reached in this case and the decision of this court in *Lane* v. *Wheeler* (101 N. Y. 17). On the contrary, so far as it is applicable, it sustains our conclusion. In that case it was assumed that the time to appeal might be extended where leave of the intermediate court was necessary and where, by due diligence, it was obtained, but that the appeal must then be taken within a reasonable time, not to exceed sixty days.

We think this is the proper practice, that the appellant's appeal was properly dismissed, and that the defendant's motion should be denied, with ten dollars costs.

All concur, except O'BRIEN, J., not voting.

Motion denied.