TEASDALE & CO. v. MANCHESTER PRODUCE CO.

(*Nashville.* March 7, 1900.)

1. APPEAL. *Not granted.*

An appeal, to be effective, must be granted as well as prayed, and that fact must appear by a minute entry in the record. There is no effective appeal where the minute entry shows only that one was prayed, and time granted for the giving of an appeal bond, and it is recited in a subsequent entry that the bond had been given and the appeal "prayed and obtained." (*Post, pp. 268–270.*)

Cases cited and approved: Clark v. Lowry, 1 Tenn., 313; O'Riley v. Zollicoffer, 4 Yer., 298; Cooly v. Julin, 5 Yer., 439; Lawler v. Howard, Meigs, 15; Glass v. Stovall, 10 Hum., 453; Hall v. Bewley, 11 Hum., 106; Craighead v. Rankin, 6 Bax., 131; Bailey v. State, 95 Tenn., 391; Snyder v. Summers, 1 Lea, 482; Parker v. Swan, 1 Hum., 80; Childress v. Marks, 2 Bax., 12; Sellars v. Sellars, 101 Tenn., 606.

2. CONTRACT. *Existence and terms of, a question for the Court, when.*

Where the existence and terms of a contract are wholly dependent upon letters and telegrams, unmixed with parol evidence, the matter is one for the exclusive determination of the Court, and it is error to submit it to the jury. (*Post, p. 270.*)

3. PLEADING AND PRACTICE. *Effect of going to trial without perfecting issues upon one of the pleas.*

Where a trial is had after issue has been joined upon three of defendant's pleas, but no issue joined or action taken or invoked upon a fourth plea, it will not be assumed that the facts set up by the fourth plea are admitted for want of denial, but rather that the plea itself has been abandoned, or that the judgment, if based upon it, is a nullity, or, at least, voidable, for want of an issue. (*Post, pp. 270–272.*)

Teasdale & Co. *v.* Manchester Produce Co.

Code construed: § 4650 (S.); § 3639 (M. & V.); § 2929 (T. & S.).
Cases cited and approved:   Doyle *v.* Smith, 1 Cold., 15; Mayfield
*v.* Beech, 2 Sneed, 443.

---

FROM   COFFEE.

---

Appeal in error from Circuit Court of Coffee County. M. D. SMALLMAN, J.

CHAS. L. PHILLIPS, LUKE MANKIN, and JNO. A. PITTS for Teasdale & Co.

GEO. S. RAMSEY for Manchester Produce Co.

WILKES, J. In this case a preliminary motion was made before the calling of the case, to strike it from the docket, because no appeal was ever granted in the Court below.

The entry upon the minutes bearing upon this feature of the case is in these words:

"Plaintiffs moved the Court for a new trial and in arrest of judgment, and after argument of counsel the Court is pleased to overrule said motion, from which plaintiff prays an appeal to the next term of the Supreme Court at Nashville, Tenn., and the plaintiffs are allowed and granted thirty days in which to make their appeal bond for costs, to which plaintiffs except."

This entry was made May 16, 1899. On May 30, 1899, an appeal bond was executed and filed which recites that the plaintiffs had prayed and obtained an appeal, etc.

It has been held in a number of reported cases that an appeal, to be effective, must not only be prayed but granted, and the minute entry must so show. *Clark* v. *Lowery,* 1 Tenn., 313; *O'Reiley* v. *Zollicoffer,* 4 Yer., 299; *Cooley* v. *Julin,* 5 Yer., 439; *Lawler* v. *Howard,* Meigs, 15; *Glass* v. *Stovall,* 10 Hum., 453; *Hall* v. *Bewley,* 11 Hum., 106; *Craighead* v. *Rankin,* 6 Bax., 131; *Bailey* v. *The State,* 11 Pickle, 391; *Snyder* v. *Summers,* 1 Lea, 482; *Parker* v. *Swan,* 1 Hum., 80.

And a recital in an appeal bond that the appeal had been prayed and granted to this Court will not suffice as a substitute for the minute entry of record. *O'Reiley* v. *Zollicoffer,* 4 Yer., 298; *Childress* v. *Marks,* 2 Bax., 12; *Sellars* v. *Sellars,* 17 Pickle, 606.

A different rule prevails in appeals from Justices of the Peace, and in such appeals the bond is *prima facie* evidence of the grant of appeal. Shannon, § 5990.

A recital in a bill of exceptions that an appeal has been granted, is not sufficient. *Sellars* v. *Sellars,* 17 Pickle, 607. Nor is a statement in an agreement of parties, in the absence of

any entry or judicial grant of appeal. *Cowan* v. *Hatcher,* 48 S. W. Rep., 328.

In the present case the record shows that an appeal was prayed, and that time was allowed to give bond, but it does not show that it was granted. The appeal must be dismissed. Appellant, however, recognizing the defect in the proceeding for appeal, has filed the record for writ of error, and given the necessary bond. The case therefore stands for hearing upon its merits.

The action is based upon a contract for the sale of a lot of dried apples. The contract was made wholly through letters and telegrams, and not through personal interviews.

The validity of the contract, as well as its terms, depends upon the writings and not upon parol proof. The Court instructed the jury, in substance, that it must determine whether there was a contract, and what were its terms. This was error. The contract being wholly in writing, it was for the Court to construe the writing and determine whether there was or not a valid contract, and what were its terms.

It is virtually conceded that this holding is a correct view of the law, but it is said that as a proper result of the pleadings the merits of the case have been reached.

There were four pleas filed by the defendant, the first two being in effect pleas of *non assumpsit.* The third denied any breach of the

contract. The fourth plea virtually admits a breach of the contract by defendant, but sets up that it was first breached by the plaintiff. This plea was neither demurred nor replied to, and the insistence is that, not having been denied or controverted, it stands as confessed. It is provided .by the statute that matters not denied in each subsequent pleading shall be taken as admitted, as in case of pleas. Shannon, § 4650.

The contention of defendant is, that the plaintiff, by not replying to the fourth plea and denying it, admitted its truth, and this being so, the correct result was reached, since the plaintiff could not recover for defendant's breach after he had committed the first breach, as that plea alleges. This, we think, is not a correct application of the law to the facts of the case. While it is true that in law cases matters not denied in the pleadings are held as admitted and confessed, it is also true that a judgment rendered when no issue has been joined is not a valid judgment, but is voidable if not a nullity. *Doyle* v. *Smith,* 1 Cold., 15; *Mayfield* v. *Beech,* 2 Sneed, 443; 11 Enc. Pleading & Practice, page 864.

In this case there was no replication filed to the plea. The defendant should have taken judgment by default upon it, or required an issue to be joined on it, in order to have the benefit on the trial upon the issues joined upon the

other pleas.    He cannot sustain the judgment of the Court upon a plea upon which no issue was required    or    joined,    when    a    sufficient    issue    is raised   by   the   other   pleadings   in   the   case.    In such   case   the   issue   not   replied   to   must   be   considered   as   abandoned.

The   result   is,   the   judgment   of   the   Court below must   be   reversed,   and   cause   remanded   for   a   new trial.    Appellee   will   pay   cost   of   appeal.