## ROBERSON, Treasurer, v. CITIZENS' LUMBER CO.

### SYLLABUS BY THE COURT.

1. The granting of an appeal to the Supreme Court by the judge of the district court does not occur "in the trial of the cause;" consequently should be shown by the record proper, and not in the bill of exceptions.          P. 173

2. Under section 15, chapter 43, Laws 1917, where no cost bond is filed within 30 days, the appeal or writ of error abates, and the Supreme Court has no power to entertain an appeal where the cost bond is not filed within the time limited.
P. 173

3. The judge of the district court has no power to certify to the transcript of the testimony, or to sign and settle the bill of exceptions, more than 80 days after the appeal is allowed, unless the time for signing the same has been extended as authorized by the statute.          P. 173

Appeal from District Court, Guadalupe County; Edwin Mechem, Judge.

Suit by Harry R. Roberson, Treasurer of the Village of Santa Rosa, N. M., against the Citizens' Lumber Company. Judgment for defendant, and plaintiff appeals. Appeal dismissed.

W. T. BROTHERS, of Santa Rosa, for appellant.

F. FAIRCLOTH, of Santa Rosa, for appellee.

OPINION OF THE COURT.

ROBERTS, J. Appellant, as treasurer of the village of Santa Rosa, brought suit against the Citizens' Lumber Company, a corporation doing business in the village, for the recovery of an occupation tax alleged to be due the village. From a judgment in favor of appellee, the town treasurer evidently attempted to prosecute an appeal, and has filed in this court an alleged transcript of record. Appellee moves to strike out the bill of exceptions and practically all the other portions of the record proper because of the failure of the transcript to show that any of the papers, such as the complaint, demurrer, answer and reply, and bill of exceptions, were ever filed in the office of the clerk of the district court. The method of preparing the transcript of record is subject to condemnation. There is nothing to show when any paper was filed in the office of the clerk, and, if such papers were ever filed, it is shown only by the certificate of the clerk to the transcript, in which he certifies that the foregoing papers are on file in his office. Certainly the transcript shows lack of care and attention on the part of both the clerk of the district court and the attorney for the appellant. But, if this were the only defect in the transcript, we would be inclined to hold that the certificate of the clerk showed that the papers certified to were on file in his office. There is a fatal defect, however, in the transcript which requires a dismissal of the appeal.

If an appeal was taken from the judgment, it is shown only by the bill of exceptions, and was taken on April 12, 1919. The bill of exceptions recites:

"Plaintiff in open court excepts to the findings of fact and judgment filed by the court in said cause, and gives notice (in open court) that it will appeal said cause to the Supreme Court of the state of New Mexico, which appeal is granted by the court."

[1, 2] The granting of an appeal does not occur "in the trial of the cause"; consequently should be shown by the record proper and not in the bill of exceptions. But, if the failure of the record proper to show the granting of the appeal should be overlooked, and we should hold that, because such fact did appear in the bill of exceptions, the appeal would be entertained, nevertheless the appeal would be dismissed because no cost bond was filed within 30 days as required by section 15, c. 43, Laws 1917. Cost bond in this case was filed, or apparently was filed, some time after the 27th day of August, 1919, because that is the date upon which it was executed. If an appeal was taken in this case, it was taken on April 12, 1919, and the last day for filing cost bond was on May 12th.

[3] In the case of Hernandez v. Roberts, 24 N. M. 253, 173 Pac. 1034, we held that section 15, supra, had the effect of abating an appeal or a writ of error where no cost bond is filed within the time required by the statute. And again the certified transcript of the testimony could not be considered by the court, even if the appeal was not dismissed, because, taking April 12, 1919, as the date of the allowance of the appeal, the certified transcript of the testimony would necessarily have to be signed by the judge within 80 days thereafter, unless the time for signing the same had been extended. No order of extension appears in the record, and the transcript of evidence was certified by the trial judge August 25, 1919. The duty of having a proper transcript prepared, of course, rests upon the appellant.

Because of the failure to file a cost bond within 30 days after the allowance of the appeal, the appeal will be dismissed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.

---

(No. 2427.    May 27, 1920.)

(Rehearing Denied July 1, 1920.)