## C. L. BRAY v. BLUE-RIDGE LUMBER COMPANY.

Eastern Division. May 26, 1925.

Certiorari denied by Supreme Court, November 20, 1926.

1. **Appeal and error. Where bond is not filed in time allowed by court appeal will be dismissed.**
   Where the record shows that the bond was filed thirty-one days after the decree was rendered and the thirtieth day was not a Sunday, held that the appeal must be dismissed for failing to perfect the appeal within the time allowed.

2. **Appeal and error. Lost instruments.**
   Where instruments necessary to the perfection of the appeal of the case are lost it is necessary to supply the papers as provided by statute and the appeal will not be considered unless the papers are so supplied.

Vol. III T. A.—27.

3. **Appeal and error. When the appeal is granted upon condition, the condition must be strictly complied with.**

When the appeal is granted upon condition, it must appear that such condition has been strictly complied with, otherwise the Appellate Court cannot entertain jurisdiction of the appeal.

4. **Appeal and error. Appeal held not to be perfected.**

Where an appeal was taken and the appellant was ordered to file a bond and the bond was lost, and a certificate of the clerk was sent up with the records in place of the bond, held that the certificate did not take the place of the lost instrument and the appeal was not perfected.

Appeal from Chancery Court, of Louden County; Hon. Hal E. Portrum, Chancellor.

McTeer, Kramer & Quinn, of Maryville, S. P. Dannel, of Loudon, and Bowen & Bowen, of Knoxville, for appellant.

Bailey & Young, of Sweetwater, for appellee.

OWEN, J. Final decree was rendered in this case in the chancery court of Loudon county on May 6, 1924 by Chancellor H. E. Portrum. Complainant's bill was sustained and a decree rendered in his favor for $480, and costs of the cause. Complainant filed an original attachment bill and impounded certain funds belonging to the defendant in the chancery court of Loudon county. The defendant is a non-resident corporation. The defendant filed its answer and cross-bill. Complainant's suit was on notes executed by the defendant. The defendant sought to recover by way of cross-bill by alleging that the complainant had breached a contract to furnish it a certain amount of lumber. The defendant executed a replevy bond, or indemnity bond, and was allowed to withdraw its funds in the chancery court.

To the action of the court in dismissing its cross-bill and in sustaining the bill of complainant and giving judgment against the defendant, defendant excepted and prayed an appeal to the next term of the Court of Civil Appeals which was held in Knoxville, beginning the first Monday in May, 1924. The appeal was granted upon condition that the defendant execute and file an appeal bond condition as required by law, and the defendant was given thirty days in which to perfect its appeal. We find no appeal bond in the record. On page 116 of the transcript, under the heading "Appeal Bond filed May 6, 1924," the following certificate of J. H. Hudson, Deputy Clerk and Master, is found:

"State of Tennessee, County of Loudon:

"I, J. H. Hudson, Deputy Clerk and Master of the chancery court of Loudon county, Tennessee, do hereby certify that the appeal bond was filed in this cause on the 30th day after the final judgment, that same was marked filed May 6th, which should have been June, as final judgment was rendered May 6, 1924; that

McTeer, Cramer and Quinn, attorneys, were surety on the appeal bond for Blue Ridge Lumber Company. I further certify that I gave the appeal bond to Mr. Grason A. Bailey, attorney for C. L. Bray, for presentation to the Chancellor; that he put same in his pocket and did not return same to me, and the bond has become lost and cannot be found in my office; that Mr. Bailey was the last person seen with the same; that I asked him for the bond and he informed me that he was not through with it, but wanted to argue to the Chancellor again in regard to the same, and therefore put the said bond into his pocket, and I have not seen the same since that day, last November term of court. (Signed) J. H. Hudson.''

The seal of the chancery court of Loudon county is attached to this certificate. The final certificate is found later on in the transcript (the page of the transcript not being numbered, but which certificate is on page 119) is dated April 17, 1925.

The cause was filed in this court April 21, 1925. The defendant has assigned errors in this court. The complainant has made a motion to dismiss the appeal in this cause on the ground that there has been no appeal bond filed.

Mr. Grason A. Bailey, Solicitor for the complainant, in his brief states that the bond was returned by him in person to J. H. Hudson, Deputy Clerk and Master at the November Term of the Loudon court, and that he (Bailey) is in no way responsible for the said Clerk and Master having lost or misplaced said paper.

The ground for dismissing said appeal and in support of said motion is that the law firm of McTeer, Kramer & Quinn signed said bond, by R. R. Cramer, and that said firm was organized for the practice of law and could not be bound by a member of that firm signing the firm's name to an appeal bond.

It is not necessary for this court to pass upon questions of liability of McTeer, Kramer and Quinn, or the authority of one member of the same to sign the firm's name to an appeal bond.

This cause must be stricken from the docket. The Clerk and Master certifies that the bond was signed June 6, 1924, and that would be one day too late. The decree was rendered May 6, and May having thirty-one days, that left twenty-five days in May and five days in June, so June 6th would have been beyond thirty days, and it appears that June 6, 1924, was Friday—the 5th was not Sunday.

We could not accept this certificate in lieu of a bond, should the bond have been filed within the thirty days. Section 5701 of Shannon's Code provides the mode for supplying lost papers. Said section provides, that in any record proceedings, or paper filed in an action either at law or equity, if lost or mislaid unintentionally,

or fraudulently made away with, may be supplied upon application, under the orders of the court, by the best evidence the nature of the case will admit of.

Neither will the Supreme Court nor this court supply a record lost or destroyed in the court below, and where the record was not properly supplied below, so that there was nothing before the Supreme Court or this court that will enable it to take jurisdiction of the cause, so as to review the judgment of the court below, the cause will be stricken from the docket, with leave to proceed in the proper mode to establish the lost record and supply it with the best evidence the nature of the case may admit of. Lane v. Jones, 2 Cold., 318. Section 5858 of Shannon's Code, provides that it is the duty of the clerk of each of the several courts, when a cause is taken by appeal in the nature of a writ of error to the Supreme Court, to make out and transmit, by mail, to the clerk of the Supreme Court of his division, the transcript of the record within forty days after the entry of the appeal, unless the entry has been made within forty days of the regular term of the Supreme Court, or during such term, and be forthwith transmitted without delay to the clerk of the Supreme Court. This statute applies to this court with reference to making out and signing transcripts. The certificate of this Deputy Clerk and Master shows that he had this bond in his possession six months after the final decree was rendered and the transcript was not made out for more than ten months after the appeal bond was filed. In Hale v. Parmley et al., 1st Shan. Case., page 29, it was held, where an appeal was granted upon appellants giving bond and security as required by law, the bond required by law in such case must be given as to amount and condition. When the appeal is granted upon condition, it must appear that such condition has been strictly complied with, otherwise the Supreme Court cannot entertain jurisdiction of the appeal. Snyder v. Summers, 1 Lea, 481.

It results that this cause is stricken from the docket because the appeal bond was not filed within the thirty days and because there is nothing to show that any appeal bond was ever executed that complied with the conditions upon which the appeal was granted.

The defendant will be taxed with the costs incidental in attempting to bring up this case. Shan. Code, sec. 4957. The Clerk & Master's Costs for making our transcript will be disallowed because he did not comply with the statute, sec. 5858 with reference to making out transcript.

Judge H. E. Portrum did not participate in the hearing or disposition of this case.

All except Clark & Portrum Concur; Clark did not participate.