[No. 2756.   June 15, 1926.]

COOK v. MILLS RANCH-RESORT CO. et al.

[247 Pac. 826.]

SYLLABUS BY THE COURT

An order grant'ng an appeal is a jurisdictional prerequisite, lack of which is not supplied by waiver or consent.

Appeal from District Court, Mora County; Leahy, Judge.

Suit by Bert L. Cook against Mills Ranch-Resort Company and others to quiet title. From a judgment for plaintiff, defendants appeal. On plaintiff's motion to strike all records in the Supreme Court. Motion sustained.

M. W. Mills, of Springer, for appellants.
Chas. W. G. Ward, of E. Las Vegas, for appellee.

---

[1]   3CJ p. 369 n. 30; p. 1078 n. 3; 15CJ p. 802 n. 6.

Cook v. Mills Ranch-Resort Co., 31 N. M. 514

OPINION OF THE COURT

WATSON, J.   Appellee moves to strike all records in this court in this cause on the ground that, as no appeal has been taken or allowed, jurisdiction has not attached.

The record proper does not show that any application was made to the trial court for the allowance of an appeal, nor that any order of allowance was made. From the bill of exceptions, it appears that at the conclusion of the trial the following took place:

"The Court to Counsel:   Judgment will be rendered for plaintiff quieting title in plaintiff.

"Mr. Armijo:   We desire to ask an appeal to the Supreme Court of the State.

"The Court:   Appeal will be allowed."

Thereafter appellant filed and brought on for a rehearing, a motion for a rehearing at the conclusion of which the following occurred:

"The Court:   The motion of the defendant for a rehearing will be denied, and you may prepare an order to that effect, Mr. Ward.

"Mr. Armijo:   The defendants except to the ruling of the court in denying the motion for rehearing, and now in open court pray an appeal to the Supreme Court of the state.

"The Court:   The appeal will be granted."

It is also shown by the bill of exceptions that counsel entered into a stipulation in which it was agreed "that the above and foregoing typewritten pages, to which this stipulation is attached, contains a full and complete transcript of the record in this cause, and that the same is the bill of exceptions upon which the Supreme Court may review the action of the lower court herein." To the bill of exceptions is attached a writing in the form of a certificate, but entitled "Order," in which the trial judge, after reciting the above-mentioned stipulation, the appearance of the attorney for the appellee, and his waiver of the five days' notice required by law, certifies—

"that the foregoing typewritten pages are a true and correct transcript of the notes of the stenographer in this cause of the testimony taken and of all the stipulations, motions, orders, and decisions made or entered in the progress of the trial of said cause, and the same are hereby made a part of the record for the purpose of having the case reviewed by the Supreme Court."

Appellee contends that an order granting an appeal is indispensable to our jurisdiction.

In Jordan v. Jordan, 29 N. M. 95, 218 P. 1035, citing decisions of this court, it was said:

"* * * The right to appeal from the action of an inferior court must be derived from express constitutional or statutory authority. It must be expressly granted by one or the other. In their absence, no such right exists. The right to appeal to this court is nowhere granted by the Constitution. By section 2 of article 6 the appellate jurisdiction of this court is prescribed, but the right of litigants to appeal and thereby invoke such jurisdiction is not there granted; such being left to the Legislature."

As further pointed out in this case, the right to an appeal being conferred solely by statute, the party is limited, in claiming that right, to the method of procedure therein prescribed.

Our Appellate Procedure Act is chapter 43, Laws of 1917. Section 1 of that act provides:

"Within six months from the entry of any final judgment in any civil action, any party aggreived may appeal therefrom to the Supreme Court of the state."

In section 3 it is provided:

"Appeals, as in this act provided for, shall be allowed upon application to the district court in which the judgment, order, decision or conviction is rendered."

An examination of the remaining sections of this chapter discloses that every subsequent step in the appeal is based directly or indirectly, as to the time within which it must be taken, upon the granting of the appeal. Unless this time is definitely fixed by the record, all subsequent proceedings are thrown into confusion. By section 22 it is provided that, if the appellant fails to file the transcript within the prescribed time, the appellee may move to docket and.

affirm upon filing a transcript containing, among other records, the order allowing the appeal . It has been frequently held· by this court that jurisdiction attaches upon the allowance of the appeal. Canavan v. Canavan, 17 N. M. 503, 131 P. 493, Ann. Cas. 1915B, 1064; Id., 18 N. M. 468, 138 P. 200; Mundy .v. Irwin, 19 N. M. 170, 141 P. 877; Abeytia v. Spiegelberg, 20 N. M. 614, 151 P. 696; Hubert v. American Surety Co., 25 N. M. 131, 177 P. 889. It is true that the appeal by a party aggrieved is a matter of right, and application and order are merely formal in the sense that the right may not be denied. But it is clear, also, that the order allowing the appeal is the basis of the whole proceeding. Every other requirement dates from it and depends upon it. The statutory right of the appellee to an affirmance of his judgment in case of failure to perfect the appeal depends upon it. With it jurisdiction of the cause passes from the trial court to the appellate court. We are constrained to hold, therefore, that, in the absence of an order allowing an appeal, we are without jurisdiction · of the cause. This accords with the general rule. 3 C. J. 1078; Steamship Richmond Hill Co. v. Seager, 160 N. Y. 312, 54 N. E. 574; Colvin v. Johnston, 104 La. 655, 29 So. 274; Robinson v. Goldman's Adm'r, 59 W. Va. 145, 53 S. E. 12; ·Sellars v. Sellars, 101 Tenn. 606, 49 S. W. 735.

Since the record proper fails to support our jurisdiction, we turn to the question whether the matters above recited appearing in the bill of exceptions will do so. Here we are met with the opinion of this court in Roberson v. Citizen's Lumber Co., 26 N. M. 171, 190 P. 353, wherein was suggested, but not decided, the question whether the failure of the record proper to show the granting of the appeal could be overlooked because the fact appeared in the bill of exceptions. It was there said:

"The granting of an appeal does not occur 'in the trial of the cause;' consequently should be shown by the record proper and not in the bill of exceptions."

We do not understand that appellant relies upon

the allowance of the appeal in open court at the conclusion of the trial, or upon the allowance after denial of the motion for rehearing. He no doubt assumes, as we do, that these were both nugatory as preceeding the entry of the judgment.

It is contended, however, that the stipulation amounts to an agreement of the parties to submit the cause to this court, and that in such case no order granting the appeal is necessary. To this point Elliott on Appellate Procedure, §§ 425 and 426, is cited. But this author says (section 427) :

"Substantial rights or rights of a general jurisdictional nature are not waived by an agreement to submit, although rights affecting jurisdiction of the person are waived."

Appellant contends that submission by agreement is authorized in this state by section 31 and 32 of the Appellate Procedure Act above cited. It is apparent, however, that these sections relate to the presentation, and not to the granting of an appeal. It is fundamental that jurisdiction cannot be conferred either by waiver or by consent. 2 Hayne, New Trial and Appeal, pp. 1112 and 1146.

It is also contended that the certificate of the trial judge above quoted, the so-called order, is sufficient in itself to constitute an order granting the appeal. But, giving this certificate the most liberal interpretation as an order, it does not purport to grant an appeal. Nor does it contain any recital to the effect that an appeal had been granted.

In as much as the transcript and appellant's briefs had long been on file when the present motion was interposed, and since there is no question of notice to the appellee, it is with reluctance that we reach a conclusion depriving the appellant of a hearing in this court on the merits. It is clear, however, that the failure of the record proper to show the granting of an appeal is not aided by anything appearing in the bill of exceptions, assuming that we were at liberty to

consult it.  The motion must, therefore, be sustained, and all records stricken, and it is so ordered.

PARKER, C. J., and BICKLEY, concur.