LUKE *v.* STATE.

(*Nashville*, December Term, 1936.)

Opinion filed January 30, 1937.

E. A. LANGFORD and A. B. MCKAY, both of Cookeville, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE COOK delivered the opinion of the Court.

In this, a bastardy proceeding, the defendant, Ralph Luke, appealed from the judgment of the trial court dismissing his appeal from the county court. The appeal was dismissed upon the conclusion of the trial judge that the transcript from the county court was not filed within the time prescribed by sections 9030-9032 of the code. See *Hayes* v. *Kelley*, 111 Tenn., 294, 296, 76 S. W., 891, and *In re Fox's Estate*, 161 Tenn., 432, 33 S. W. (2d), 82.

It appears from the record that the defendant was arrested December 19, 1935, and carried before a justice of the peace to answer for bastardy. Upon finding that the defendant was under the age of eighteen years, the justice of the peace transferred the cause to the county judge sitting as a juvenile court. There is but one entry showing the action of the county judge. It was entered January 15, 1936. The entry recites that the cause was heard December 31, 1935. The record also shows that defendant's oath in lieu of an appeal bond was filed January 2, 1936, but there is no showing on the face of the record that an appeal had been granted at that time.

The entry of the judgment in the county court on

January 15, 1936, contains the recital that the cause was heard December 31, 1935, when the court was of opinion that defendant was the father of a bastard child about to become a county charge. This recital was followed by entry of a judgment against defendant for $360, payable by installments, the first to begin January 15, 1936. The entry on January 15, 1936, shows also that the appeal was then prayed and granted. There is no other order or decree showing a prayer for appeal and that the appeal prayed was granted. The next term of the criminal court following January 15, 1936, was fixed by law for January 21.

The question raised by defendant's appeal is: (1) Whether the appeal relates to December 31, 1935, when the cause was heard, or to January 15, 1936, when final judgment of the county court was entered and the appeal was prayed and granted. (2) Whether more than five days intervened between the date of the appeal and the first day of the next term of the criminal court.

█ █ No appeal from the judgment of the county court could be perfected until the appeal was prayed as well as granted. *Teasdale & Co.* v. *Manchester Produce Co.*, 104 Tenn., 267, 56 S. W., 853. Section 9030 of the Code fixes the time from which the appeal runs as the date of the appeal. It provides:

. If the appeal is to the next term of the circuit court and more than five days intervene between the date of appeal and the first day of the term, the appeal is to the next term, but if less time than five days intervene, the appeal is to the next succeeding term.

Unless more than five days intervened between the date of the appeal from the county court and the first day of the next term of the criminal court, the appeal

would be to the next succeeding term of the criminal court.

■ Excluding January 15, the day the appeal was granted, and including January 21, the first day of the next term of the criminal court (see section 11, Code), there were only five days intervening between the appeal and the convening of the criminal court. By express provision of the statute, unless *more than five days intervened between the date of the appeal from the county court and the meeting of the criminal court,* the appeal would run to the next succeeding term of the criminal court.

■ The appeal was perfected by filing the transcript from the county court of February 18, 1936, which was before the next succeeding term fixed by statute at the third Monday in May. It appears that the appeal was perfected within the time prescribed by section 9030 of the Code.

Reversed and remanded.