## DALTON v. DEAN.—117 S. W. (2d) 973.

Eastern Section. Jan. 7, 1938.

Petition for Certiorari Denied by Supreme Court, June 17, 1938.

Phillips & Hale, of Rogersville, for plaintiff in error.
Eastman Portrum, of Rogersville, for defendant in error.

LLOYD S. ADAMS, S. J. The defendant below has attempted to bring this case to this Court by an appeal in the nature of a writ of error and pursuant thereto a transcript of the record was filed in this Court on August 25, 1937. On page three of the technical record there appears the minutes of the Circuit Court of Hawkins County for its March Term, 1937, pertaining to this case, and from which it appears that on March 4 judgment was entered against plaintiff by default, the suit dismissed and judgment rendered against plaintiff for the costs of the case.

There appears inserted in the record a stipulation signed by attorneys for the respective parties dated September 2, 1937, in which it is agreed that "the order of dismissal found at Page 3 of the transcript was entered through an inadvertence and shall be stricken from the transcript." This is followed by an agreement that the case was tried at the March term, 1937, judgment entered for plaintiff and motion for a new trial made, but which through inadvertence failed to "reach the record." What purports to be a true copy of the motion for a new trial and a judgment of the trial court is set forth in the agreement, which concludes as follows: "This agreement shall supplement the transcript and neither party shall take any advantage of the other by reason of the entry of the order vacated or by non-entry of the order above set forth, to the end that the case shall be decided upon its merits."

Although this Court is reluctant to raise a question not being made by attorneys for either party, yet the plight of this record presents a jurisdictional question that challenges the legal right of this Court to review this case, and therefore cannot be ignored.

A motion for a new trial may either be entered on the minutes of the court or be set out in the bill of exceptions, but it

58

must be presented in the record in one of these manners. Otherwise, it forms no part of the record and cannot be considered. Chattanooga Iron & Coal Co. v. Hanssard, 143 Tenn., 553, 226 S. W., 1045. Furthermore, it is imperative that the judgment of the trial court and the action of the court in disposing of the motion for a new trial, and in granting the appeal, should be entered on the minutes of the court and the omission to do so cannot be supplied by a recital in the bill of exceptions nor by agreement of counsel.

The only judicial act of the trial court presented in this record is the judgment of the court dismissing plaintiff's suit and adjudging the costs against him. Before this Court can take jurisdiction there must appear as a part of the technical record a minute entry recording the final judgment of the trial court, the disposition of the motion for a new trial, and an appeal prayed and granted. Jurisdiction cannot be conferred by consent of the parties.

"A recital in a bill of exceptions that an appeal has been granted is not sufficient (Sellers v. Sellers [17 Pickle, [606], 607], 101 Tenn., 606, 49 S. W., 735). Nor is a statement in an agreement of parties, in the absence of any entry or judicial grant of appeal (Cowan v. Hatcher [Tenn. Ch. App.], 48 S. W., 328)." Teasdale & Co. v. Manchester Produce Co., 104 Tenn., 267, 269, 56 S. W., 853.

In a case coming from a court of law, no error can be corrected here except those committed against the party prosecuting the appeal in error or writ of error. State v. Willis [130 Tenn., 403], 170 S. W., 1030; Jones v. Ducktown, etc., Co., 109 Tenn., 375, 383, 71 S. W., 821; Gallena v. Sudheimer et al., 9 Heisk. 189, 192.

"The stipulation is without effect. Jurisdiction cannot be conferred by consent of parties, and this maxim applies as well to appellate jurisdiction as to original jurisdiction." Barnes v. Noel, 131 Tenn., 126, 134, 174 S. W., 276, 278.

"No recovery or other action may be based on a judgment, nor need any relief from it be sought, until the judgment 'rendered' has been entered, so as to give it binding effect as a judicial act.

". . . a judgment which is merely rendered becomes inoperative, unless followed by entry within the term of its rendition." Jackson v. Jarratt, 165 Tenn., 76, 81, 52 S. W. (2d), 137, 138.

"If there had been an imperfect judgment in the court below, it might have been corrected (Cowan v. State [117 Tenn., 247], 96 S. W., 973) ; but the absence of a judgment cannot be supplied in this court." Sharp v. State, 117 Tenn., 537, 538, 97 S. W., 812.

"Jurisdiction of an appeal from an order not entered of record in the lower court cannot be conferred by stipulation of the parties. Chamberlain v. Hedger, 10 S. D., 290, 73 N. W., 75." 3 C. J., page 370, note 33b.

"Where there is no order of appeal, consent of the litigants cannot invest an appellate court with jurisdiction. Nona Mills Co. v. W. W. Gary Lumber Co., 132 So., 257, 15 La. App. 560, annulling [La. App.], 127 So., 425." 4 C. J. S., Appeal and Error, sec. 43, page 125, note 59.

See, also, Briggs v. Clawson Bros. & Nashville Trust Co., 3 Tenn. App., 146; Bray v. Blue Ridge Lumber Co., 3 Tenn. App., 417; Cobble, Adm'r. v. International Agricultural Corp., 2 Tenn. App., 356.

 The bill of exceptions contained in the transcript appears to have been tendered to the trial court, and approved and ordered field as a part of the record. From this it is apparent that the case was tried on its merits, but in the absence of a minute entry setting aside the default judgment entered against plaintiff below, and a minute entry showing the action of the trial court on the motion for a new trial, rendering final judgment, and granting an appeal, this Court does not have jurisdiction to review the case, and it must therefore, in accordance with Sections 9054, 9055 of the Code of Tennessee of 1932, be remanded to the court below for such proceedings as counsel may consider appropriate. An order will be entered dismissing the appeal and remanding this case to the Circuit Court of Hawkins County, and the costs of the transcript and the costs accrued in this Court will be adjudged against the plaintiff in error as provided by Section 9110 of the Code of Tennessee of 1932.

Senter and Ketchum, JJ., concur.