NEELY *v.* STATE *ex rel.*

(*Nashville*, December Term, 1940.)

Opinion filed January 11, 1941.

HILLARD M. ROBERTS, of Livingston, for plaintiff in error.

ERNEST F. SMITH, Assistant Attorney-General, for defendant in error.

PER CURIAM.

This is a litigated bastardy case tried in the circuit court before a jury on appeal from the county court. From an adverse judgment defendant appealed to this court.

█ █ Bastardy proceedings are both criminal and civil in their nature. *Blankenship* v. *State,* 63 Tenn. (4 Baxt.), 383. In a county where there is a separate criminal court, an appeal in such a case lies from the county court to the criminal court rather than to the circuit court. *Crawford* v. *State,* 66 Tenn. (7 Baxt.), 41; *State, to Use of Williams,* v. *Leonard,* 70 Tenn. (2 Lea), 16. However, *Blankenship* v. *State,* as appears from the opinion therein, was decided at a later date than *Crawford* v. *State,* and the later case showed that bastardy proceedings were not strictly criminal.

█ Almost since the creation of that court, appeals in bastardy cases from the trial courts have been held within the jurisdiction of the Court of Civil Appeals and not within the jurisdiction of this court. See *Farrar* v. *State,* 2 Tenn. Civ. App. (2 Higgins), 307, the opinion in which shows that the case was appealed to the Supreme Court and then transferred to the Court of Civil Appeals.

So that for thirty years appeals in bastardy cases have been cognizable in the Court of Civil Appeals and the Court of Appeals, unless some special feature as in *Luke* v. *State,* 171 Tenn., 76, 100 S. W. (2d), 656, gave this court jurisdiction. The latter case was tried below by a method not involving a review of facts.

Following settled practice, this case will be transferred to the Court of Appeals.