■ KONRAD GRIES, Respondent, v. CENTRAL VERMONT RAILWAY, INC., Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ. [See *ante*, p. 666.]

■ KONRAD GRIES, Respondent, v. CENTRAL VERMONT RAILWAY, INC., Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ. [See *ante*, p. 667.]

■ In the Mattter of SAMUEL C. COHEN, Appellant, against COCOLINE PRODUCTS, INC., et al., Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act for an inspection of the books, records and papers of Cocoline Products, Inc., the Special Term granted the relief prayed for in the petition without a hearing (Civ. Prac. Act, § 1295). This court affirmed the order of Special Term, but the Court of Appeals reversed and remitted the proceeding to Special Term for such hearing (*Matter of Cohen* v. *Cocoline Prods.*, 309 N. Y. 119). After setting the proceeding down for hearing on September 10, 1956, the Special Term, by order dated August 14, 1956, denied a motion to examine Cocoline Products, Inc., by its president, as an adverse party before trial, and to direct production of books, records and papers. Without obtaining permission of the Special Term to appeal from this intermediate order (Civ. Prac. Act, § 1304), an appeal was taken from said order by a notice of appeal dated August 28, 1956. An order dated October 2, 1956 granted leave *nunc pro tunc* to appeal from said order dated August 14, 1956. Another notice of appeal dated October 31, 1956 was served and filed. Motion to dismiss appeal from order dated August 14, 1956, which was renewed by permission on the argument of the appeal, granted, with $10 costs, and appeal dismissed, with $10 costs and disbursements. There is no question that the order appealed from was not a final order under article 78 of the Civil Practice Act, and therefore was not appealable as a matter of right. The notice of appeal dated August 28, 1956, was without authority and was a nullity. Since appellant attempted to appeal at a time when he had no authority to do so, a retroactive order could not render valid that which was invalid *ab initio*. Such validation would be more than the mere correction of a mistake, omission, irregularity or defect in a paper otherwise jurisdictionally valid. (*Guarantee Trust & Safe Deposit Co.* v. *Philadelphia Reading & New England R. R. Co.*, 160 N. Y. 1; *Steamship Richmond Hill Co.* v. *Seager*, 160 N. Y. 312.) The notice of appeal dated October 31, 1956 was not timely served and filed (Civ. Prac. Act, § 612). Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ In the Matter of the Estate of SOPHIE GOLDMAN, Deceased. EDWARD J. S. FARRELL et al., as Administrators C. T. A. of the Estate of SOPHIE GOLDMAN, Deceased, et al., Appellants; RALPH LOEB, Individually and as Ancillary Executor of HAROLD GRAHAM, Deceased, et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ. [See 2 A D 2d 897.]

■ In the Matter of the Estate of SOPHIE GOLDMAN, Deceased. SYLVIA GOLDMAN, as Committee of MILDRED GOLDMAN, an Incompetent, Appellant; EDWARD J. S. FARRELL et al., as Administrators C. T. A. of the Estate of SOPHIE GOLDMAN, Deceased, et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ. [See 2 A D 2d 897.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP DE LAVORE, Appellant.— Motion for reargument denied. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.