Edward C. **MEADOWS**, Plaintiff-Appellee,

v.

Dr. John M. **BOYLIN**, Defendant-Appellant.

Court of Appeals of Tennessee, Middle Section.

Feb. 25, 1972.

Certiorari Denied by Supreme Court Aug. 7, 1972.

Alfred T. Adams, Jr., Glasgow, Adams & Taylor, Nashville, for plaintiff-appellee.

Jack J. Green, Butler & Green, Nashville, for defendant-appellant.

OPINION

SHRIVER, Presiding Judge.

This suit originated in the General Sessions Court of Davidson County by Civil Warrant issued December 8, 1961 in which plaintiff, Edward C. Meadows, sued Dr. John M. Boylin for $1,088.33 balance due on a contract for building a camp house in Cheatham County. Judgment was rendered in favor of plaintiff for the amount sued for and an appeal to the Circuit Court was prayed and perfected.

In the Circuit Court the case was continued from time to time until October 28, 1965 when the following order was entered:

"ORDER

This cause came on to be heard before the Honorable James M. Swiggart on October 28, 1965. The case was heard de novo on an appeal from the General Sessions Court of Davidson County, Tennessee. The plaintiff, the defendant, and witnesses for both the plaintiff and the defendant testified orally in open court.

The Court is of the opinion that an oral contract did exist between the parties and that this is a proper case for a reference to a Special Master to hear proof and report to the Court with respect to an accounting between the parties.

It is, therefore, ordered by the Court that the Honorable Alf Rutherford serve as Special Master in this cause and is directed to hear proof and report to the next term of Court as to an accounting between the parties and the amount due the plaintiff from the defendant, if anything.

The Clerk will enter this order nunc pro tunc as of October 28, 1965.

/s/ James M. Swiggart
JUDGE

O.K. FOR ENTRY:

/s/ J. B. Watson, Jr.
Attorney for Plaintiff

/s/ George H. Cate, Jr.
Attorney for Defendant."

On February 18, 1966 the Special Master filed his report in response to the foregoing order of reference. Among other things, the report recites that the Special Master heard oral testimony offered by plaintiff and defendant and considered certain exhibits to the testimony of both parties, and then requested attorneys for the parties to file written statements setting out their contentions, which request was complied with by the filing of briefs, exhibits, etc.

From a consideration of the testimony, briefs and exhibits, the Master found that plaintiff was entitled to recover $1,084.22 from defendant.

Exceptions to the Report of the Special Master were filed by the defendant, following which defendant moved to be allowed to file additional proof, the motion being accompanied by an affidavit of Dr. John M. Boylin which was copied in the record.

Thereafter, the Court entered an order reciting that the cause came on to be heard on the exceptions to the Report of the Master and arguments and briefs of counsel, with the result that the exceptions were sustained and the cause of the plaintiff dismissed. However, on plaintiff's motion for a new trial, after a hearing, the following order was entered:

"ORDER

In its last Order, the Court found that plaintiff had not carried the burden of proof because of difficulty in understanding the various invoices and payments. It has been necessary to study

the evidence more thoroughly and to take the time necessary.

Plaintiff claims he has produced invoices for materials purchased after defendant's last payment to him and such articles were not covered by previous payments. The Court is compelled to agree.

Plaintiff also contends that he is owed for certain labor performed for which he is not paid. The evidence shows that the total cost of the building far exceeded plaintiff's estimates which probably gave rise to the problems and that a lot of the work was unsatisfactory. Under these circumstances, it is quite easy for the Court to find that the additional claims for labor have not been established by the proof.

It is, therefore, ADJUDGED that the rehearing is granted.

It is further ORDERED and ADJUDGED that plaintiff have and recover of the defendant a judgment in the amount of 736.98 and costs.

Enter this 10th day of February, 1971.

/s/ James M. Swiggart
JUDGE"

Thereafter, defendant's motion for a new trial was overruled and the following order was entered:

"ORDER ON MOTION FOR
NEW TRIAL

This cause came on to be heard upon the motion for a new trial and the argument and briefs of counsel. The Court has again reviewed the matter and is convinced that plaintiff has produced invoices for materials purchased on the work in question in excess of receipts to the extent of $736.98.

Defendant complains that he was not permitted to testify. It appears that he offered evidence before the Clerk on the reference and has been offered an opportunity to show additional payments but has not done so.

Defendant complains that there has been no express ruling upon his counterclaim. It was thought that the previous judgment was a denial of the counterclaim but, if not, the previous judgment is amended to find that there is no evidence to support the counterclaim.

It is, therefore, ORDERED that the motion for a new trial is overruled.

Enter this 19th day of April, 1971.

/s/ James M. Swiggart
JUDGE"

The final order shown by the record before us in this cause is as follows:

"Upon good cause shown, the defendant is granted an extension of sixty (60) additional days in which to prepare and file his Bill of Exceptions and extending the time for same until July 19, 1971.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that upon good cause shown the time for preparing defendant's Bill of Exceptions is extended until July 19, 1971.

Enter this 13th day of May, 1971.

/s/ James M. Swiggart
JUDGE

APPROVED FOR ENTRY:

/s/ Alf Adams, Jr.
Attorney for Plaintiff

/s/ Jack Green
Attorney for Defendant"

■ It will thus be observed that there was no prayer for an appeal on behalf of the defendant and no order granting an appeal to this Court.

In spite of the fact that no appeal was prayed or granted, we find in the record

an Appeal Bond dated May 4, 1971, executed on behalf of John M. Boylin by Jack Green, Attorney, and also signed by Reliance Insurance Company.

We have before us a motion of plaintiff-appellee to dismiss the attempted appeal on the ground that it was not prayed for or granted.

In Teasdale & Co. v. Manchester Produce Co., 104 Tenn. 267, 56 S.W. 853, it was said:

"It has been held in a number of reported cases that an appeal, to be effective, must not only be prayed, but granted, and the minute entry must so show. [citing cases]

And a recital in an appeal bond that the appeal has been prayed and granted to this court will not suffice as a substitute for the minute entry of record. O'Riley v. Zollicoffer, 4 Yerg., 298; Childress v. Marks, 2 Baxt. 12; Sellars v. Sellars, 101 Tenn. (17 Pickle), 606, 49 S.W. 735."

In State v. Caldwell, 53 Tenn.App. 195, 381 S.W.2d 553, the Court quoted with approval from Dalton v. Dean, 22 Tenn.App. 56, 117 S.W.2d 973, as follows:

" 'Although this Court is reluctant to raise a question not being made by attorneys for either party, yet the plight of this record presents a jurisdictional question that challenges the legal right of this Court to review this case, and therefore cannot be ignored.

\* \* \* \* \* \*

" 'The only judicial act of the trial court presented in this record is the judgment of the court dismissing plaintiff's suit and adjudging the costs against him. Before this Court can take jurisdiction there must appear as a part of the technical record a minute entry recording the final judgment of the trial court, the disposition of the motion for a new trial, and an appeal prayed and granted. Jurisdiction cannot be conferred by consent of the parties.' "

The motion to dismiss the appeal must be sustained.

 In addition to the foregoing, which is determinative of the question of the right of defendant-appellant to a review in this Court, it should be noted that there is no Bill of Exceptions in this cause. Under numerous decisions of the Appellate Courts of Tennessee, where the assignments of error depend upon the facts adduced at the hearing below, as is true in this case, we must conclusively presume that there was sufficient evidence to support the judgment of the Trial Court. Norris v. Richards, 45 Tenn.App. 100, 320 S.W.2d 730; McAmis v. Carlisle, 42 Tenn.App. 195, 300 S.W.2d 59, and many cases.

It results that the appeal of the defendant-appellant is dismissed and the judgment of the Trial Court is affirmed.

Affirmed.

PURYEAR and TODD, JJ., concur.