HAYES *v.* KELLEY.

'(*Knoxville.*   September Term, 1903.)'

1. **APPEAL.** Lies to circuit court from county court in election contest.

The case of a contested election is embraced within the provisions of the statute granting an appeal to the circuit court of the county to any persons dissatisfied with the judgment or decree of the county court, unless it is otherwise expressly provided by law. (*Post, p.* 297.)

2. **SAME.** Statute prescribing time of filing transcript in circuit court on appeal from county court, mandatory.

The provisions of the statute requiring that, in certain cases, including the case of a contested election, where an appeal has been prayed from the judgment of the county court to the circuit court, a transcript of the record shall be delivered to the clerk of the circuit court by the first day of the term to which the appeal is taken, and that, if the transcript is not filed within the time so prescribed, the judgment of the county court shall be affirmed, are mandatory, and upon a failure to comply therewith it is imperative on the circuit court to affirm the judgment appealed from. (*Post, pp.* 297-299.)

Code cited and construed: Secs. 4882, 4883 (S.); 3867, 3868 (M. & V.); 3150, 3151 (T. & S. and 1858).

Cases cited and approved: Stuart v. Pasmore, 5 Hayw., 30; Duncan v. McGee, 7 Yerg., 103; Gregory v. Burnett, 1 Humph., 60; Turnpike Co. v. Quinby, 8 Humph., 481.

3. **SAME. SAME.** What is meant by "transcript of the record."

The requirement of the statute that the "transcript of the record" shall be delivered to the circuit court clerk means that a transcript of the whole record upon which the lower court predi-

Hayes v. Kelley.

cated its judgment and is not satisfied by filing a certified copy of the judgment accompanied by an affidavit of counsel attempting to explain the failure of appellant to file a full transcript of the record. (*Post, p.* 300.)

Code construed: Sec. 4882 (S.); 3867 (M. & V.); 3150 (T. & S. and 1858).

4. **AFFIRMANCE.** What is sufficient to entitle appellee to, when full transcript has not been filed.

On an appeal from the county court to the circuit court, a transcript of the pleadings filed in the county court, showing the subject of the controversy and that the court had jurisdiction of the cause and the parties, together with a certified copy of the judgment, constitutes a sufficient record upon which an affirmance of the judgment of the county court may be had in the circuit court for failure of the appellant to file a full transcript of the record within the time prescribed by the statute. (*Post, p.* 301.)

Code construed: Secs. 4882, 4883 (S.); 3867, 3878 (M. & V.); 3140, 3151 (T. & S. and 1858).

Case cited: Gregory v. Burnett, 1 Humph., 60.

5. **CODE.** Provisions of, taken from pre-existing statute given same construction.

Where a uniform interpretation had been placed by this court, upon a statute prior to its incorporation into the Code, it must be assumed that it was the legislative intent that the Code provisions should have the same construction as had been given to the original act. (*Post, pp.* 299-300.)

---

FROM RHEA.

---

Appeal, in error from the Circuit Court of Rhea County.—JOSEPH C. HIGGINS, Judge.

BURKETT, MANSFIELD & MILLER, R. C. M. CUNNING-
HAM, W. L. GIVENS, for Hayes.

A. P. HAGGARD, V. C. ALLEN and J. B. SWAFFORD, for
Kelley.

———

MR. CHIEF JUSTICE BEARD delivered the opinion of the
Court.

This case involves a contest instituted by the defend-
ant in error in the county court of Rhea county against
the plaintiff in error over the office of the clerk of the
county court of that county.  On the ninth day of July,
1903, that court formally adjudged the defendant in
error to have been duly elected to that office at the elec-
tion held in August, 1902, and that he was entitled to
recover from the contestee all the costs incident to the
litigation.

From this judgment the contestee prayed and was
granted an appeal to the next term of the circuit court
to be held for that county.  That term began, under the
law, and as a matter of fact, on the eleventh day of
August succeeding.  On that day one of the attorneys
of the contestee, the plaintiff in error, appeared in open
court and presented his own affidavit, in which he un-
dertook to explain the failure of the contestee to present
and file a transcript of the record in the case, and also a
certified copy of the judgment rendered by the county
court, and upon these papers moved the court to set the

Hayes v. Kelley.

cause on the jury docket for trial at that term. This motion was met by a counter motion upon the part of the contestant, the defendant in error, to affirm the judgment, upon the ground that the plaintiff in error had failed to file a transcript of the record as required by the statute. The first of these motions was denied by the circuit judge, the second was entertained by him, and thereupon a judgment of affirmance of the action of the county court was entered, and the case was remanded to that court for the purpose of carrying into full force and effect the judgment of the circuit court. The case has been brought to this court by the contestee, and errors are assigned upon the action of the circuit judge.

There was no error committed in the court below. By section 4879 of Shannon's Code it is provided that "any persons dissatisfied with the sentence, judgment, or decree of the county court may pray an appeal to the circuit court of the county unless it is otherwise expressly provided by this Code." It is under this section that persons dissatisfied with the judgment of the county court in election contests have their remedy. *Dodd* v. *Weaver,* 34 Tenn., 670.

This appeal must be to the next term of the circuit court, if more than five days intervene between the date of the appeal and the first day of the term. Shannon's Code, section 4881. It is provided, by section 4882, that a "transcript of the record of the suit on which the appeal is made shall be delivered to the clerk of the cir-

cuit court by the first day of the term to which the appeal is taken"; and, by section 4883, that if "the transcript is not filed within the time prescribed in the last section, or if the appellant shall fail to appeal or to prosecute his appeal, the judgment, sentence or decree of the county court shall be affirmed."

These provisions were brought forward into the Code from sections 54, 63, and 66 of the Act of 1794, chapter 1, with a single modification, in this: that whereas, by section 66 of that act, the transcript was to be delivered to the clerk of the circuit court at least fifteen days before the sitting of the term to which the appeal was taken, it is now provided by sections 4882 and 4883, referred to above, that the transcript shall be filed, under the penalty of affirmance of the judgment of the lower court, by the first day of the term. Beginning as early as the case of *Stuart* v. *Pasmore,* 5 Hayw., 30, the provision of section 66, chapter 1, of the original act, was held to be mandatory, and that on the failure of the plaintiff in error to file the transcript within the time limited therein it was imperative upon the circuit court to affirm the judgment appealed from.

This rule was followed in *Duncan* v. *McGee,* 7 Yerg., 103, the court saying that the purpose of the act was to enable the parties to bring the case to a speedy trial, and that the judgment of the lower court must be affirmed if the record is not filed in time, even though filed before the motion for an affirmance is made. Again, in the same volume, on page 305, 27 Am. Dec., 505, in the

Hayes v. Kelley.

case of *McDonald* v. *Smith,* the court, considering this section, said that the rule laid down in it is one of "positive law, and cannot be departed from.  Cases of great hardship have occurred in the practice under it; but in no form, except where fraud has been practiced to prevent the carrying up the record, has the court felt authorized to help the delinquent.  In all such cases it must be taken that the appellant had abandoned the prosecution of the appeal.  The court can give no other judgment."

In *Gregory* v. *Burnett,* 1 Humph., 60, it was held that the failure on the part of the appellant in that case to comply with the mandate of the statute precluded a rehearing of the facts of the case and settled the rights of the respective parties, and that the judgment should be affirmed even though it might appear that the judgment of the county court, upon the facts, was erroneous. The statute was again recognized and applied to an appeal from the county to the circuit court in the case of *Turnpike Co.* v. *Quinby,* 8 Humph., 481.

So far as we can discover, there was no departure from the line laid down in these early cases up to the adoption of the Code in 1858.  And it must be assumed that when this section was brought forward it was the legislative intent that the Code provision should have the same construction as was given by these authorities to the early act.  For a long period of years, by courts and text-writers, it has been recognized as a sound rule that "a settled judicial construction put upon a statute

has almost the same authority as the statute itself; although the courts have the power to overrule their decisions and change the construction, they will not do so except for a most urgent reason." Black on Interpretation of Law, section 142; *Hammond* v. *Anderson,* 4 Bos. & P., 69; *King* v. *Younger,* 5 Durn. & E., 449; *King* v. *Inhabitants of Eccleston,* 2 East, 299; *People* v. *Albertson,* 55 N. Y., 50; *Beck* v. *Brady,* 7 La. Ann., 1; *Seale* v. *Mitchell,* 5 Cal., 401.

No sound reason has been assigned why there should be a departure from a construction so long adhered to; rather, in fact, the same reason exists for a rigid enforcement of this statute as was given by the court in *Duncan* v. *McGee,* supra, and that is, to bring the cause to a speedy trial. If the statute was not held to be mandatory, it would be possible for an unscrupulous appellant to withhold the transcript to a day in the term when, on account of the pressure of other and preceding causes, a postponement of a trial to another term would be inevitable.

The next question is, was the statute satisfied by the filing of the affidavit and the certified copy of the judgment of the county court on the first day of the term? The statute itself answers this question. It is "the transcript of the record of the suit on which the appeal is made" which is to be delivered to the clerk on that day—that is, a transcript of the whole record upon which the lower court acted in delivering its judgment.

It is insisted, however, that, conceding all this to be

Hayes v. Kelley.

true, yet the circuit court was without power to affirm the judgment of the present case, because of the fact that no transcript of the record had been filed at the time this action was taken by that court.   It is true that no full transcript had been filed, but the circuit judge had before him a transcript of the pleadings filed in the county court showing the subject of the controversy; and that that court had jurisdiction of the cause and the parties, together with a certified copy of the judgment in the cause.   This was sufficient for the purpose of this motion.   The plaintiff in error being at fault in failing to file the transcript, the defendant in error should not be put to the delay and expense of procuring a full copy of the record in order to get the benefit of his motion.   For his purpose a complete record was not necessary, as the case could not be tried at that time upon its merits.   *Gregory* v. *Burnett,* supra.   This had been precluded by the failure of the plaintiff in error to comply with the statute.   All that it was necessary for the plaintiff in error to do was to show that the county court had jurisdiction of the subject-matter and had rendered the final judgment in the case, and this was sufficiently done by the partial record which was presented.

The result is that the judgment of the circuit court is affirmed, and this cause is remanded to the county court, requiring that court to oust plaintiff in error from the office of county court clerk and properly induct the defendant in error into the same.