IN RE S. D. FOX ESTATE.

(*Knoxville*, September Term, 1930.)

Opinion filed November 28, 1930.

MALCOLM McDERMOTT, for plaintiff in error.

A. E. MITCHELL, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Edith Fox Lawhorn and Fred C. Johnson, guardian of Roger and Glenn Johnson, excepted to the action of the county judge in confirming the report and settlement of the executors, and prayed an appeal to the next term of the circuit court. The order of October 15, 1929, granting the appeal directed the county court clerk to immediately prepare and file a transcript of the record in the circuit court. The transcript of the record was not filed until January 20, 1930,—fourteen days after the first day of the next term of the circuit court to which the appeal was prayed.

When the cause was called for hearing February 14, 1930, the circuit judge, upon appellee's motion, dismissed the appeal because the transcript of the record was not filed by the first day of the term to which the appeal was taken. His action was based on sections 4882 and 4883 of Shannon's Code. See *Hayes* v. *Kelley,* 111 Tenn., 296; *Railroad* v. *Haynes,* 114 Tenn., 430; *Duncan* v. *McGee,* 7 Yerg., 102.

In *Hayes* v. *Kelley* it was held that section 4882, Shannon's Code, requiring that the transcript of the record be delivered to the clerk of the circuit court by the first day of the term to which the appeal is taken, and section 4883, Shannon's Code, providing that if not filed within the time prescribed by the preceding section that the judgment of the county court shall be affirmed, are mandatory, and upon the failure to comply with these requirements it is the duty of the circuit court to affirm the judgment.

It is insisted that sections 4038 and 4040, of Shannon's Code, not sections 4882-4883, regulate and control appeals from judgments of the county court upon exceptions to reports and settlements of administrators and executors. The original statutes prescribing the mode of executors' and administrators' settlements and the method of taking exceptions thereto are taken from chapter 31, Acts of 1822 and chapter 215, Acts of 1851-2.

Section 2 of chapter 31, Acts of 1822, reads as follows:

"If either party should be dissatisfied with the decision of the court an appeal shall lie as in other cases."

And section 4, chapter 215, Acts of 1851-2 provides:

"That when an account has been finally settled by the county court, either party may appeal from the judgment of the court to the chancery or circuit court, and

such appeal shall be brought before the chancellor at his first session in such county or district, and it shall be sufficient, in case of such appeal, to take before the chancellor only so much of the record as may be requisite to present the matter complained of in the judgment or order below.''

Neither of the foregoing Acts were designed to regulate procedure upon appeal to the circuit or chancery court. Chapter 1, Acts of 1794, regulates the procedure on appeal. The substance of sections 63, 64, 66 and 67 of the Act of 1794 was embodied in sections 3149, et seq., of the Code of 1858. See Shannon's Code, 4881, 4882 and 4883. Section 66 of the Act of 1794 required that the transcript be delivered to the clerk of the circuit court at least fifteen days before the sitting of the term to which the appeal was taken. This was modified by section 3150 of the Code, Shannon's Code 4882-4883, so that now the transcript is to be filed by the first day of the term.

Section 66, chapter 1, Acts of 1794, made it the duty of the appellant to procure and file the transcript with the circuit court clerk.

Section 3153, Code of 1858 (Shannon's Code, 4885), included this provision of section 66 of the Act of 1794 and in addition provides that if the transcript is not demanded by the appellant before the next circuit court, the county court clerk shall deliver it to the circuit court clerk. The modification or change did not relieve the appellant of the duty of filing the transcript. The reason for the requirement is given in *Duncan* v. *McGee,* 7 Yerg., 102, and in recitals of the Act of 1794, section 64, as designed to avoid injustice from the delay incident to appeals.

That the requirement extended to appeals relating to administration and settlement of estates is apparent from the concluding paragraph of section 66 of the Act of 1794, the entire section being as follows:

"And for prosecuting appeals, Be it enacted, That when any person shall have appealed to the superior court in manner above directed a transcript of the record of the suit on which the appeal shall be made, shall be delivered to the clerk of the superior court at least fifteen days before the sitting of the term, and shall by him be filed the same day on which he receives the same; and if the trial of the county court was of an issue to the country, a trial *de novo* shall be had. And if on a hearing on a petition for a filial portion or legacy, or distributive share of an intestate's estate, or other matter relating thereto, a re-hearing at the superior court, without notice given by either party, and if such transcript of the record is not filed within the time aforesaid, or if the appellant shall fail to appear, or to prosecute his appeal, then the judgment, sentence, or decree of the county court shall be affirmed."

Section 4040 of Shannon's Code and sections 4881, 4882, 4883 and 4884 are not in conflict. They are easily reconcilable, the first provides the practice by which heirs and legatees may test the accuracy of executors' or administrators' settlement and the latter sections prescribe the mode of procedure upon appeal to the circuit court or chancery court. The trial judge observed the rule of procedure outlined by the statute and decisions. See *McDonald* v. *Smith*, 7 Yerg., 304; *Gregory* v. *Burnett*, 1 Humph., 60; *Hayes* v. *Kelley, supra.*

Affirmed.