PARKER GREEN *et al. v.* HAL CRAIG *et al.**

(*Jackson,* April Term, 1932.)

Opinion filed June 18, 1932.

---

*As to time of filing transcript of record, see 2 R. C. L., 152; R. C. L. Perm. Supp., p. 349; R. C. L. Pocket Part, title Appeal, section 126.

446

GREER & GREER and LATTA & LATTA, for plaintiff in error.

DRAPER & DRAPER, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

From a decree of the County Court sustaining a petition filed by Parker Green contesting the election of J. K. White as a Highway Commissioner for Dyer County, White prayed and was granted an appeal to the Circuit Court. The minute entry in the County Court recites that the case was heard and determined "on this the 2nd day of Feb. 1931," concluding as follows:

"To all of the above judgment order and decree the defendant J. K. White excepts and prays an appeal therefrom to the next term of the Circuit Court of Dyer County, Tennessee, which is granted, upon the execution of proper appeal bond in the sum of $250, which said bond is accordingly this day executed and filed."

The next term of the Circuit Court convened on

the second Monday of February, being the 9th day of that month. On the second day of the term, being the 10th day of February, the appellee by his counsel presented to the judge of the Circuit Court a certified copy of the pleadings and judgment in the County Court and moved for an affirmance, relying on the holding of this Court in *Hayes* v. *Kelly,* 111 Tenn., 294, and the Circuit Judge thereupon pronounced judgment affirming the judgment of the County Court, it appearing that no transcript of the record in the County Court had been filed by the first day of the term, as required by Section 4882 of Shannon's Code (New Code 9031).

In the Hayes case, *supra,* following numerous previous decisions, it was held that the provision requiring affirmance in the Circuit Court if the transcript is not filed by the first day of the term is mandatory, and that it is "imperative upon the Circuit Court to affirm the judgment appealed from" on the failure of the appellant to file the transcript in that Court within the time limited, despite hardships which may and do sometimes result.

The point here made on this appeal from the action of the Circuit Court is that, while the minute entry in the County Court, as hereinbefore set out, shows the date of the appeal to be February 2nd, the bond was not filed until the 5th day of February, three days later, and that this is a date within five days of the opening of the next term of the Circuit Court on February 9th; that therefore the appeal lay to the following term.

■ If the recitals of the County Court records are to be treated as controlling, it is apparent that the judgment of the Circuit Court is correct, since it plainly appears from the minute entry, as before shown, that the case was heard and finally disposed of on February 2nd.

and that on that day the appeal was prayed to the next term of the Circuit Court and was granted; and it is further specifically recited that the appeal bond "is accordingly this day executed and filed."

It is quite generally held that the decrees of a Court of Record import absolute verity—*judicium semper pro veritate accipitur*—and are not subject to collateral attack. Gibson's Suits, Secs. 446, and 814, Note 43. And particularly pertinent to the situation before us, the rule is laid down in Ency. P. & P., Vol. I, p. 989, that "The recitals of the record as to date of filing prevail over the date of the bond when there is conflict," citing *Miller* v. *Shea,* 150 Mass., 283; *Hoogland* v. *Schnorr,* 17 Ohio St., 30, both of which are directly in point.

But, if we may look outside of and beyond this minute entry and consider the fact that the original bond sent up with the record bears date February 5th, and is endorsed "Filed February 5th," we are of opinion that a like result must be reached, since it appears to be the general rule, although the precise question has not been apparently passed on in any reported Tennessee decision, that an appeal is considered to be taken as of the time when the required order allowing it is made. Ency. P. & P., Vol. II, 207. This same text book authority thus states the rule, on page 210: "An appeal taken in open Court dates from the time of its allowance." And, on page 238, it is said that when statutes require a prayer for appeal and an order of allowance, "such an appeal is taken when an order of allowance is made by the Court." Among other cases cited to sustain this rule are: *Vance* v. *Schuyler,* 5 Ill., 286; *Williamson* v. *Gayle, et al.,* 4 Gratt. (Va.), 184; *Radford* v. *Folsom,* 123 U. S., 725, 31 L. Ed., 292; *Brown* v. *McConnell,* 124 U. S., 489;

31 L. Ed., 495; *Hewitt* v. *Filbert,* 116 U. S., 142. The same text book, at page 249, Vol. II, cites decisions from Colorado, Ohio, Indiana and Iowa for the rule, followed by this Court, that, "a judgment is 'rendered' when ordered or pronounced, not when entered."

The opinion of this Court in *McCarver* v. *Jenkins,* 2 Heisk., 629, while not directly in point, is suggestive, in that it distinctly recognizes that the executing of a bond for appeal is a distinct thing from the granting of the appeal, and, also, that the appeal having been prayed and granted by the court, the giving of the bond or security might follow and be executed at some later date. The Court was considering an appeal from a judgment of a Justice of the Peace, and, while noting that the Justice has no jurisdiction to grant an appeal after two days, the Court held that the provision of the statute that the person appealing should give bond with good security before the appeal is granted was directory only, and did not deprive the Justice of the right to grant indulgence in the execution of the bond. This appears, as indicated, to suggest that the primary essential is the Court order granting the appeal, rather than the execution of the bond, and that the date of the appeal may, therefore, be more properly related to the date of the order, than to the subsequent date of the bond.

The judgment of the Circuit Court must be affirmed, and the case remanded for the execution of that judgment.