## JORDAN v. FINGER.

Middle Section.  June 1, 1935.

Petition for Centiorari denied by Supreme Court, January 11, 1936.

366

Elkin Garfinkle, of Nashville, for plaintiff in error administratrix.

Lindsey M. Davis and Trabue, Hume & Armistead, all of Nashville, for defendant in error.

FAW, P. J. This is an appeal in error from a judgment of the Third circuit court of Davidson county dismissing the suit of the plaintiff below at her cost.

Goldie Jordan, as administratrix of the estate of her brother, William Moore Sims, sued Miss Bama Finger for $15,000 as damages for the alleged negligent killing of her intestate. The case was tried to a jury upon the issues made by defendant's plea of not guilty to plaintiff's declaration, and the jury found the issues in favor of the defendant, and judgment was entered accordingly, as before stated.

A motion for a new trial, seasonably made on behalf of plaintiff, was overruled, and thereupon plaintiff appealed in error to this court, and is here insisting, through assignments of error, that she did not have a fair trial below because of asserted errors in the charge of the court to the jury.

There is no assignment of error which questions the sufficiency of the evidence to support the verdict, if the jury was properly instructed.

Referring to the parties as they appeared on the record below: It is undisputed that a Chevrolet automobile, owned and driven at the time by defendant, collided with plaintiff's intestate (a man about forty-five years of age) while defendant's car was proceeding westward on and along Hayes street, between Nineteenth and Twentieth avenues in the city of Nashville, Tennessee, and plaintiff's intestate was walking across Hayes street, a few minutes before 6 o'clock in the evening of October 25, 1933, and that, as a result of injuries thus received, plaintiff's intestate died at the General Hospital in the city of Nashville on the next following Sunday.

It is averred in plaintiff's declaration that the accident occurred at and in the intersection of Hayes street and Nineteenth avenue, but there is no evidence supporting this averment.

The declaration contains four counts, but, as the assignments of error relate to certain portions of the charge of the court with respect to matters of defense, it is unnecessary to state the contents of the declaration. However, a brief statement of the defendant's version of the facts (which was presumably accepted by the jury) will be given, in order that it may be seen whether the instructions of which plaintiff complains were or not sound and appropriate.

Defendant testified that she is county demonstration agent for Davidson county, connected with the University of Tennessee; that her office is in the Chamber of Commerce building in the city of Nashville, and her home is in the Robert E. Lee Apartments on Hayes street, between Twenty-first avenue and Louise avenue, in that city; that she has been driving cars at least ten years, and the accident in question is the only accident she ever had; that she was on her way home from her office and was driving westward on Hayes street when this accident occurred; that it was ''just dark'' and the lights of her car were turned on; that she turned into Hayes street at Eighteenth avenue and went westward on Hayes street; that Hayes street is an arterial highway; that as she neared Nineteenth avenue she slowed down and looked in both directions and saw no cars coming and no one on the street at all; that she proceeded across Nineteenth avenue, and there was neither a car nor a pedestrian at the intersection; that, when she had reached a point approximately 30 feet west of Nineteenth avenue, the deceased stepped immediately in front of the left headlight of her car; that she ''just saw him and hit him instantly'' when he stepped in front of the headlight of her car; that, when the car struck him, the deceased fell and rolled to the south side of the street; that she stopped her car in about 10 feet, without any ''screeching of the brakes'' or ''skidding of the tires,'' and went back to the injured man, and ''was the first person there;'' that she stayed with him until an ambulance came, and then she went to police headquarters and reported the accident there and then went to the General Hospital, where she asked the physician to give the injured man every attention possible for the night and at all times.

Defendant stated further that she was driving well over on her right side of the street, at a speed of between 25 and 30 miles an hour when the collision occurred.

Defendant admitted that, at the scene of the accident and a few minutes after it occurred, she told Frank McDonald, Sr., a policeman, that she was not going more than 35 miles an hour, but at the trial she was asked and answered as follows:

''Q. Tell the jury as far as you can, about how fast you think you were going? A. I don't believe now that I was going as rapidly as I told the policeman. When he first asked me how fast I was going, I told him I didn't know, and he seemed to be im-

patient with me and I then told him I was not going any more than thirty-five miles an hour. Since that time I have tried to check the speed of my car to see just how fast I may have been going, I did that the next morning when I came to town, and when I slow up for the signs of a street and then put my foot on the gasoline there is a sensation of going a bit faster than the speedometer registers, and most of the time it would register between twenty-five and thirty, and I am of the opinion now that I could not have been going over thirty miles, and I think it would register between twenty-five and thirty.''

No other witness testified with respect to the speed of defendant's car.

By agreement, defendant put in the record an ordinance of the city of Nashville governing the rights and duties of pedestrians at cross-streets, which ordinance is set forth in the plaintiff's first assignment of error hereinafter quoted.

▉▉ There are five assignments of error. The fifth is that ''the court erred in overruling plaintiff's motion for a new trial.'' This latter assignment is not sufficiently specific, but is too general and indefinite to merit consideration under established rules. 2 Encyl. Pl. & Prac., p. 953; Thurman v. Bradford, 3 Tenn. Civ. App., 474; Adamant Stone & Roofing Co. v. Vaughn, 7 Tenn. App., 170, 173.

Through each of the first four assignments of error the plaintiff asserts that the trial court erred in charging the jury as set forth in an excerpt from the charge quoted therein, which four excerpts are as follows:

(1) ''They further set up a plea of the violation of a city ordinance on the part of the deceased, which prescribes: 'While the roadbeds of streets and highways are primarily intended for vehicles, pedestrians have the right to cross them in safety, and pedestrians in their turn must not cross the streets except at street crossings and shall cross the streets as nearly as possible at right angles, and not diagonally. This provision, however, shall not excuse the driver of any vehicle from constant vigilance to avoid injury to pedestrians under all conditions, or from his own carelessness.' As a matter of defense the defendant says this city Ordinance was violated, and as the direct and proximate result of such violation this accident happened. If the preponderance of the proof shows that it was violated and the accident directly and proximately resulted therefrom that would be the end of it and that defense is good.''

(2) ''If the plaintiff, and in this case it would be the deceased, committed an act of negligence on his part that directly and proximately caused the accident, or contributed to it there can be no recovery in this case.''

(3) ''If a pedestrian violate a city law or a state law as to his

use of the streets or highways, it is an act of negligence within itself.''

· (4) ''If there is a violation of a city ordinance or a State law on the part of the plaintiff, and the preponderance of the proof so shows, and further that the accident directly and proximately resulted from the violation of either a State law or a city law, there can be no recovery on the part of the plaintiff.''

The argument offered in support of the assignments of error is, in substance, that the ordinance quoted in the first assignment, supra, was ''not made for the benefit of the operator of an automobile and he cannot avail himself of its violation by a pedestrian as a defense to the pedestrian's suit;'' that the provision in said ordinance that its violation by a pedestrian ''shall not excuse the driver of any vehicle from constant vigilance to avoid injury to pedestrians under all conditions or from his own carelessness'' deprives an automobilist of the right to rely on said ordinance as a defense; and that in his charge the trial judge improperly construed the ordinance, in that he failed to give effect to said proviso.

As we view it, the ordinance in question deals with the rights and duties of both pedestrians and the drivers of vehicles, and does not fall within the case of Chattanooga Railway & Light Co. v. Bettis, 139 Tenn., 332, 340, 202 S. W., 70, holding that one not the beneficiary of a statute may neither base an action nor a defense on a violation thereof.

There is also an obvious difference in the phraseology and meaning of the proviso in the ordinance here in question and that in the Public Acts of 1917, chapter 36, that none of its provisions ''shall be construed as abridging or in any way affecting the common law right of recovery of litigants in damage suits that may be pending or hereafter brought against any railroad company or other common carrier;'' which latter proviso, it has been held, cuts off the right of the defendant to rely on a violation of the statute by the plaintiff as negligence which could in any manner affect his right to recover. Hines v. Partridge, 144 Tenn., 219, 237, 231 S. W., 16.

With reference to the proviso in the ordinance here in question, this court has said, in at least two reported cases, that it ''seems to be declaratory of the general law; that is to say, an ordinance forbidding pedestrians to cross the street except at street intersections does not relieve the driver of an automobile from liability for injuring a pedestrian violating the ordinance, if the carelessness of the automobilist was the proximate cause of the injury to the pedestrian and the negligent act of the pedestrian was only a remote cause.'' Elmore v. Thompson, 14 Tenn. App., 78, 99; Phillips-Buttorff Mfg. Co. v. McAlexander, 15 Tenn. App., 618, 640.

In each of the two cases just cited it was held that, if the violation of the ordinance by the injured pedestrian was the proximate

cause of his injury, he could not recover, and that the determination of this question was always for the jury, unless the determinative facts were undisputed and reasonably susceptible of but one in-ference.

It is said, on the brief for plaintiff, that this court held otherwise in the case of Hughes & Co. v. Hall, 4 Tenn. App., 608, 611; but we do not think that the opinion in that case may be properly so inter-preted. The court did not there hold, as counsel seems to argue, that the proviso in the ordinance in question had the same effect as the proviso in the Public Acts of 1917, chapter 36. There is a statement, made arguendo in the midst of the opinion, that "under the decision of the supreme court in Hines v. Partridge, 144 Tenn., 219, 236, 231 S. W., 16, the reasoning in which would seem to be as applicable to ordinances as to statutes, the plaintiff's violation of the Ordinance in and of itself, and unless it amounted to common-law negligence, would not bar a recovery or constitute a defense to his cause of action. This, on account of the above quoted provision of the Ordinance;" but the ruling of the court in that case was that it was for the jury to determine whether or not the plaintiff's violation of the city ordinance (the same ordinance here in ques-tion) was a proximate cause of the accident.

The statement that the plaintiff's violation of the ordinance, "in and of itself and unless it amounted to common-law negligence," would not bar a recovery or constitute a defense to his cause of action, is in accord with the holding in Elmore v. Thompson and Phillips-Buttorff Mfg. Co. v. McAlexander, supra.

In the instant case, the trial judge, by repeated statements in his charge, made it plain that a violation by plaintiff of the ordinance invoked by defendant must be the direct and proximate cause of the plaintiff's injury in order to bar his action. There was evidence to which such instructions were applicable, and the plaintiff's assign-ments of error are overruled.

It results that the judgment of the circuit court dismissing plain-tiff's suit at her cost is affirmed. The costs of the appeal will be ad-judged against the plaintiff, Goldie Jordan, as administratrix, etc.

Crownover and DeWitt, JJ., concur.