BROWN v. JARVIS.—123 S. W. (2d) 852.

Middle Section.   July 9, 1938.

Petition for Certiorari Denied by Supreme Court, January 21, 1939.

Malcolm C. Hill, of Sparta, for appellant.
Camp & Camp, of Sparta, for appellee.

FAW, P. J. The bill in this case was filed by Mrs. Fleda Jarvis Brown against W. H. Jarvis, executor of the will of John Jarvis, deceased. The parties are both resident citizens of White County, Tennessee.

Complainant sought by her bill to surcharge and falsify the final settlement of the defendant, as such executor, made and confirmed in and by the County Court of White County, from which decree of confirmation the complainant appealed to the Circuit Court of White County, where her appeal was dismissed, for the reason that a transcript of the record was not delivered to the clerk of the Circuit Court by the first day of the term to which the appeal was taken, as required by Section 9031 of the Code.

On final hearing, the Chancellor dismissed complainant's bill and rendered judgment against her and the sureties on her prosecution bond for the costs of the cause; whereupon complainant appealed to this court and has assigned errors here.

The Chancellor filed a written "Opinion and Finding of Facts," which includes a statement of certain facts undisputed on the record, and necessary to an understanding of the matters in controversy. These undisputed facts are stated by the Chancellor as follows:

"John Jarvis died testate in White County, Tennessee, on Janu-

ary 10th, 1925; the defendant, W. H. Jarvis, is the son of John Jarvis, and is named as Executor of his will. The complainant is the daughter of the deceased John Jarvis, and under the terms of the will would be entitled to a ¼ of her father's estate, after the indebtedness is paid; that is, John Jarvis had four children, and under his will, he divided his property equally between them, except that his daughter, Gladys Jarvis, was to get $250.00 additional.

"Harve Jarvis and his father had been partners in the operation of the Jarvis farm and the Anderson farm, which was rented by them, and much of their property, including stock, corn and hay was owned jointly by them at the time of the death of John Jarvis.

"The Executor filed his inventory on February 17th 1932, with the County Court of White County, Tennessee, and a copy thereof is filed in the record as an Exhibit.

"The Executor also filed in the County Court on March 19th, 1932, his settlement, a copy of which is an Exhibit in this record, and made his final settlement, on November 15th, 1932, which is an Exhibit in this record, and according to this final settlement, the assets of the estate were completely exhausted, and the estate remained indebted to the Commerce-Union Bank of Sparta, Tennessee, in the sum of $1,000.00, and to Reba Jarvis Hull in the sum of $250.00, and that no compensation had been allowed the Executor for his services.

"The complainant and all other parties interested in the estate are adults, and were at the time of the final settlement; more than ten days notice was given prior to the taking of the final settlement of the Executor, and an order was made by the County Court confirming the settlement, over the exceptions of the complainant in this cause, who, in addition to the notice, was represented by her Attorney at the time and it appears that her husband Beecher Brown looked after her interest in the matter.

"Her exceptions were overruled by the County Court and the Executor's report was ratified and confirmed, from which an appeal was prayed and granted to the Circuit Court of White County, Tennessee, to the Complainant, and the Clerk was ordered to certify the record to the Circuit Court. This order was made on November 15, 1932, and a certified copy of the order in the County Court is filed as an Exhibit in this record.

"It further appears that the appeal was dismissed in the Circuit Court because the record was not filed in the Circuit Court by the Clerk of the County Court in the time required by law.

"The appeal was dismissed at the September Term 1933 of the White County Circuit Court.

"The bill in this cause and in this court was filed on November 8, 1933, and the complainant seeks to surcharge and falsify the settlement made in the County Court, it being insisted that errors and omissions were made in the Executor's settlements, and that charges

were fraudulently made therein and that the Executor's account is false and fraudulent and should (be) set aside and an accounting had in accordance with the allegations of the bill.

"In the third paragraph of the bill there are set out thirteen separate items, which, it is insisted, the Executor failed to charge himself with, and which he did not include in his inventory, and in his settlements.

"Section .IV. of the bill refers to five separate items, which it is insisted, the defendant fraudulently received credit for in his settlement, and the complainant insists that when a correct settlement is made she would be entitled to some Twelve Hundred Dollars, as her part of the personal estate of her father."

The appellant's first assignment of error is that "the Chancellor erred in overruling the complainant's motion for a new trial for the various reasons and grounds set out in said motion for a new trial. (Trans. page 42.)"

And appellant's second assignment is that "the Chancellor erred in treating complainant's motion for a new trial as a petition to rehear."

If a motion for a new trial had been necessary or proper in this case, the first assignment of error, supra, would have been insufficient, because of its generality, to challenge the action of the Chancellor in overruling such motion. Jordan v. Finger, 19 Tenn. App., 365, 368, 89 S. W. (2d) 183, and other authorities there cited.

But this case was heard on bill, answer, and depositions of witnesses, with exhibits, together with stipulations as to certain facts and documents. In other words, the case was heard strictly according to the forms of chancery practice, and a motion for a new trial was neither necessary nor appropriate. Mutual Life Insurance Co. v. Burton, 167 Tenn., 606, 615, 72 S. W. (2d), 778, and other cases there cited.

However, in the instant case, the Chancellor treated the motion for a new trial as a petition for a rehearing, and this he might do, if, in his discretion, he thought it proper. Wright v. Dorman, 155 Tenn., 189, 194, 291 S. W., 1064.

Inasmuch as complainant's motion for a new trial could not properly be considered as such, certainly the complainant has no cause for complaint of the action of the Chancellor in treating it as a petition for a rehearing. Appellant's first and second assignments of error are overruled.

In this connection, it may be stated that the motion for a new trial, *expressly treated and considered as a petition for a rehearing*, was denied and overruled by the Chancellor, and the Chancellor's action in that respect was not appealable. The mere negative action of the Chancery Court in declining to disturb its decree, is not reviewable by appeal. The appeal should be taken from the original

decree. McClister v. Milligan, 1 Tenn. App., 258, and authorities there cited.

▇ In the instant case, the complainant not only attempted to appeal from the action of the Chancellor in ''overruling her motion for a new trial,'' but appealed from the action of the Chancellor ''in dismissing her bill and taxing her with the costs of the cause.'' The latter ruling is reviewable here, so far as it is challenged by appellant's assignments of error.

Appellant's third assignment of error is that, ''the court erred in passing upon the demurrer filed to the bill which had been passed upon by his predecessor, Chancellor E. H. Boyd, because said action upon said demurrer became the law of the case, and the questions raised thereby should not have been considered by this court.''

Appellant's fourth assignment is that, ''the court erred in giving weight and consideration to the denials of fraud etc., in the defendant's answer which were not supported by the proof, the bill having expressly waived oath to the answer, the oath to the answer gave it no more weight than if it had not been sworn to.''

Upon a careful examination of the record, we are satisfied that the third and fourth assignments of error, supra, are based upon a misunderstanding and misconception of the Chancellor's opinion, findings and rulings. The Chancellor merely stated, in his recital of the history of the case, that ''the defendant filed a demurrer to the bill, which was acted upon on May 26, 1934, by Chancellor E. H. Boyd. The former Chancellor overruled the demurrer;'' and he made no further reference to the demurrer.

▇ In the same connection, the Chancellor stated, in his Opinion and Findings, that ''answer is sworn to, although the bill waives the oath to the answer;'' but we find no indication in the record that the Chancellor gave any ''weight and consideration to the denials of fraud, etc., in the defendant's answer'' greater than they would have had in an unsworn answer. Such denials in an unsworn answer, of course, cast the burden on complainant to prove the allegations of her bill. Appellant's third and fourth assignments of error are overruled.

The appellant's fifth, sixth and seventh assignments are that the Chancellor erred in finding (a) ''that the complainant's proof, or the entire record, is not sufficient to justify this court in falsifying and surcharging the account of the executor,'' (b) ''that, under the facts of this cause, the settlement made in the County Court are prima facie correct, and the complainant's proof is not sufficient to overcome the presumption of the correctness of the executor's account,'' and (c) ''that the proof of the complainant is too indefinite, uncertain and too general to justify an opening of the account.''

In the court below two main issues were presented by the pleadings,

either of which, if decided in favor of the defendant, would justify the decree dismissing complainant's bill.

It is, in substance, stated, both in complainant's bill and defendant's answer, that defendant made a final settlement of his accounts as executor of the will of John Jarvis, deceased, in the County Court of White County; that on November 16, 1932, complainant filed, in said county court, exceptions to the same items in defendant's said settlement, and substantially upon the same grounds, as alleged in her bill in this case; that said exceptions were overruled and said settlement was confirmed by the Judge of the County Court on November 21, 1932; that complainant excepted to said action of the County Court and prayed an appeal therefrom to the next term of the Circuit Court of White County, which appeal was granted and the clerk was ordered to certify the record to the Circuit Court; that no transcript of said record of the County Court was delivered to the clerk of the Circuit Court by the first day of the term to which the appeal was taken, but such transcript was delivered to the clerk of the Circuit Court and filed in that court during the next term, but subsequent to the first day of said term; that the cause was continued "from term to term, by agreement and without prejudice to the rights of either party, pending a prospective agreement" until the September term 1933, when, "it being apparent that no compromise could be reached," the complainant's appeal was dismissed by the Circuit Court.

Immediately following the statement in her bill that she prayed an appeal from the decree of the County Court, etc., complainant made the following allegations:

"Thereafter, and before the next term of the Circuit Court, Complainant's counsel spoke to the Clerk several times about getting the record filed and agreed with the Clerk and opposing counsel as to that part of the record necessary to be certified. A short time before Court complainant's counsel inquired of the Clerk about the record and was told that it was completed and would be filed immediately. Also complainant's husband spoke to the Clerk several times before the meeting of the Court and was assured it would be filed. Having diligently inquired about the filing of the record and relying upon the promise of the Clerk and his official duty to file same as commanded by the decree, complainant was greatly surprised to find when the next term of the Circuit Court convened that said record had not been filed. She then procured the filing of the said record after the term began. The case was continued from term to term by agreement and without prejudice to the rights of either party, pending a prospective compromise agreement, but at the September term 1933, it being apparent that no compromise could be reached by (the parties) the Court dismissed plaintiff's appeal because the

County Court Clerk failed to file transcript of the record before the first day of the term following the appeal as required by law.

"Complainant is informed and believes that the said Clerk later stated that the defendant's counsel stated to him that it might not be necessary to make up the record since there was prospect that the matter probably would be compromised, and that he placed the said record in his desk and forgot to file it.

"Complainant believes and charges that the representation of defendant's counsel to the Clerk that the matter probably would be compromised and it would not be necessary to file the record, prevented her appeal from being perfected, and that great injustice was thereby done her; and that she has a right to apply to Your Honor's Court for the correction of the same and that justice and equity may be done in the premises."

In his answer, the response of the defendant to that part of complainant's bill just quoted is as follows:

"Defendant for further answer says that, complainant does not charge, either directly or by implication, that her failure to perfect her said appeal was caused by any fraud, misrepresentation, oppression, imposition, undue advantage or by reason of any relation of trust or confidence between the parties, and/or, on the part of this defendant or his counsel. She does say in her bill that she is 'informed and believes' that the County Court Clerk said that the defendant's counsel stated to him that it might not be necessary to 'make up' the record as the matter might probably be compromised. But she alleges in the said bill that the said County Court Clerk did 'make up' the record and that he said that he put it in his desk and forgot to file it. The bill therefore, shows nothing on this subject other than the complainant was negligent in failing to see that the record was filed in the Circuit Court within due time.

"For further answer, defendant says, that, complainant does not aver in her bill that any representation made by defendant's counsel to the Clerk of the County Court prevented the filing by him of the transcript of the record in this case, but it does show that, notwithstanding anything that may have been said by his counsel the said Clerk did make up such transcript and quoted him as saying that he simply forgot to file it. No explanation is offered of her failure to perfect her said appeal by giving bond or taking the oath.

"Defendant for further answer says that at the time of the taking and stating of the account in this cause which is now sought to be falsified and surcharged, the complainant Fleda Jarvis Brown was 21 years of age and in addition thereto was notified as the law required that an accounting was to be had on the date at which said accounting was had, that she was represented by counsel, and was in Court and had an opportunity to make whatever question she and her counsel saw fit to make.

"The bill on its face shows that all of the issues sought to be raised upon the merits of this case have heretofore been tried and determined by the County Court of White County, it is a Court of competent jurisdiction, and that complainant's counsel was present excepting to, and appealing from the action of the County Court but that her appeal was dismissed by the Circuit Court because not properly perfected.

"Defendant therefore insists that the bill shows on its face that the questions sought to be raised are res adjudicata and that she has failed to charge fraud, deception, collusion, manifest error or any other matter that would give this Court equity jurisdiction of this case."

With respect to the issue made by the parts of the bill and answer above quoted, the Chancellor was of opinion and found as follows:

"It is true, the case was not tried on its merits in the Circuit Court, because the record was not filed by the Clerk of the County Court in the time required by law, but the proof in the cause is not sufficient to place the fault for its not being filed in the Circuit Court on the defendant or his attorney.

"There is a statement in the record to the effect that the Clerk of the County Court stated to complainant's husband that one of the complainant's attorneys told the Clerk of the County Court that there was a probability of the suit being settled, and not to file the record would save expense.

"There is no testimony that shows, however, that the complainant was at fault in the record not being filed, and there is certainly no fraud shown on the part of the defendant in the matter."

It is seen that the Chancellor found that the failure of the County Court record to reach the Circuit Court in due time was not caused by any "fraud" on the part of the defendant, or any "fault" on the part of the complainant.

We concur in the Chancellor's finding that the proof does not show that the defendant, or any one representing him, caused the delay in filing the County Court record in the Circuit Court, and, if this be true (as we find), then who must suffer the consequences of such delay?

Sections 9030, 9031, 9032, 9034 and 9035, of the Code of 1932, are applicable to the appeal from the County Court to the Circuit Court involved in this case. These sections are as follows:

9030. "The appeal is to be the next term of the circuit court, if more than five days intervene between the date of appeal and the first day of the term. If less time intervene, the appeal is to the next succeeding term."

9031. "A transcript of the record of the suit, on which the appeal is made, shall be delivered to the clerk of the circuit court by

the first day of the term to which the appeal is taken, unless the time be extended by the court."

9032. "If the transcript is not filed within the time prescribed in the last section, or if the appellant shall fail to appear, or to prosecute his appeal, the judgment or decree of the county court may, in the discretion of the court, be affirmed."

9034. "The clerk of the county court, upon appeal taken, shall immediately make a full and perfect copy of all the proceedings in the cause, and, within five days after the appeal, give the same, with a taxation of all costs accrued, to the appellant, if required, and indorse on the copy the day on which it was demanded, and the day on which it was delivered, and sign his name thereto; or, if the same is not demanded before the first day of the next circuit court, he shall then deliver the same to the clerk of said court."

9035. "The clerk of the circuit court, upon receiving the transcript, shall give a receipt to the person delivering it, and immediately endorse thereon the date of its delivery, and shall enter it on the proper docket."

All of the above quoted sections of the Code of 1932 are brought forward from the Code of 1858 and Shannon's Code, without change, except section 9032, supra, which (as section 3151 in the Code of 1858 and as section 4883 in Shannon's Code) reads as follows:

"If the transcript is not filed within the time prescribed in the last section, or if the appellant shall fail to appear, or to prosecute his appeal, the judgment, sentence, or decree of the county court shall be affirmed."

It is seen that the section containing the provision that "the judgment, sentence, or decree of the county court shall be affirmed" was amended by the Code of 1932, section 9032, so as to provide that "the judgment or decree of the county court may, in the discretion of the court, be affirmed."

It was held in a line of cases beginning with Stuart v. Pasmore, 5 Hayw. 30, that the provision of the aforesaid statute requiring that the transcript be filed within the prescribed time was mandatory, and, upon a failure to comply therewith, it was imperative on the Circuit Court to affirm the judgment appealed from; that this rule was one of positive law that could not be departed from, in the absence of fraud. Hayes v. Kelley, 111 Tenn., 294, 76 S. W., 891; In re Fox's Estate, 161 Tenn., 432, 33 S. W. (2d), 82; Green v. Craig, 164 Tenn., 445, 51 S. W. (2d), 480.

All of the cases announcing the rule just stated, except Green v. Craig, supra, were decided by the Supreme Court prior to the Code of 1932; and Green v. Craig, although decided by the Supreme Court on June 18, 1932, involved a judgment of the County Court of date February 2, 1931, affirmed by the Circuit Court on February 9, 1931,

and was, therefore, decided upon the law as it existed in February, 1931.

However, there is no showing that upon the record in the Circuit Court, the judge of that court abused his discretion in dismissing the appeal, and it is too well settled to need citation of authority that, even on direct attack, a judgment rendered by a trial court in the exercise of a discretionary power will not be reversed in the absence of a showing of an abuse of discretion. A fortiori it cannot be impeached collaterally.

No point is made in briefs or argument upon the fact that the appeal from the County Court was "dismissed," and not "affirmed," by the Circuit Court. We do not think this could avail the appellant anything. Upon affirmance it would have been the duty of the Circuit Court to remand the case to the County Court for proceedings in conformity with the decree of the latter court; and the dismissal of the appeal reinstated the decree of the County Court. Upon the facts of this case, a dismissal of the appeal was, in its effect, the same as an affirmance.

The provision in section 9034 of the Code (Shan. Code, sec. 4885), hereinbefore quoted, that, if the transcript is not demanded by the appellant before the next circuit court the county court clerk shall deliver it to the circuit court clerk, did not relieve the appellant of the duty of the demanding and filing the transcript in due season. In re Fox's Estate, supra, page 435, 33 S. W. (2d) 82.

A party defeated in a court of law because of his own neglect to avail himself of his legal advantage at the proper time, can seek no relief in equity. Lafferty v. Conn, 3 Sneed 221.

In his final decree, the learned Chancellor found and decreed as follows:

1. "That the final settlement made by the Clerk of the County Court of White County with W. H. Jarvis, Executor of the will of John Jarvis, deceased, a copy of which settlement is filed in the record in this cause, is in all things correct and proper; that complainant's proof and the entire record are not sufficient to warrant this Court in falsifying and surcharging the final account of said Executor.

2. "That there was no fraud on the part of defendant or his counsel in connection with the failure of the Clerk of the County Court of White County, Tennessee, to file the record in this cause in the Circuit Court of White County, Tennessee, at a reasonable and proper time, but, regardless of this proposition, the Court is of the opinion, and hereby decrees, that the proof of the complainant is too indefinite, uncertain and general to justify an opening of the account complained of."

We are of the opinion that the decree of the County Court, overruling complainant's exceptions to the settlement of the defend-

ant-executor and confirming said settlement, was, after complainant's appeal to the Circuit Court had been dismissed under the circumstances hereinbefore stated, final and conclusive, and not subject to review by the Chancery Court; but, notwithstanding the conclusion just stated, we have examined all the evidence in the record, and we agree with the Chancellor that the proof is insufficient "to justify an opening of the account complained of."

If, upon the facts of this case, complainant could be heard in the Chancery Court to impeach the settlement of the defendant-executor, such settlement was prima facie correct (Code, sec. 8254), and the burden was on complainant to show by proof the incorrectness of the account she sought to surcharge and falsify (Alvis v. Oglesby, 87 Tenn., 172, 183, 10 S. W., 313); and it "could be disturbed only by evidence of a clear and satisfactory nature." Leach v. Cowan, 125 Tenn., 182, 203, 140 S. W., 1070, 1076, Ann. Cas. 1913C, 188; Matlock v. Rice, 6 Heisk., 33, 38. The evidence on which the complainant relies in the instant case is, as found by the Chancellor, "too indefinite, uncertain and general" to measure up to the requirement of "clear and satisfactory" proof.

We have heretofore stated all of the appellant's assignments of error, save one (the 8th through which appellant asserts that "the court erred in not permitting the opening of the account at least to the extent of correcting those items which the defendant in his answer admitted that he received and with which he did not charge himself."

(The 8th assignment contains additional matters which are included in the assignments heretofore discussed, and which need not be repeated.)

In the course of his answer to complainant's bill, the defendant said:

"Item number 12 which alleges that this defendant failed to charge himself with $1000.00 as to the proceeds of a life insurance policy which by agreement was turned over to him to be applied on a note of the deceased at the Commerce Union Bank is true. Said $1,000.00 was by mistake left out of the inventory filed by this defendant and hence was not included in his settlement; however, said $1,000.00 was received by this defendant and applied as directed and agreed on a $3,000.00 note owed by the deceased to the Commerce Union Bank."

We find no other admission in defendant's answer to which appellant's 8th assignment of error, supra, could apply.

It appears from the record that defendant's testator had a life insurance policy for $1000 at the time of his death, which was collected and, by mutual agreement of his four children, this sum was applied by the defendant as a payment on a debt of the testator's estate to the Commerce-Union Bank at Sparta.

As the proceeds of life insurance, this sum was not subject to administration by the defendant for the payment of debts, and, therefore, was not necessarily a part of the estate for the purposes of his accounting as executor. If he collected it, he held it as trustee for the legal beneficiaries of the insurance policy. However, the reasonable inference to be drawn from the record is that this insurance fund had been distributed to the insured's beneficiaries before the agreement to apply it to the debt owing the bank was made; for complainant's husband testified that he gave defendant a check for $250 as his wife's part (one-fourth) of the insurance.

There is no claim that the insurance fund of $1000 was not applied on the debt of the estate to the bank in accordance with the aforesaid agreement, and there is no proof that defendant took credit for that payment in his settlement as executor; hence there is no ground in the record upon which to surcharge and falsify defendant's settlement as executor because of his failure to charge himself therein with said insurance fund.

It results that appellant's assignments of error are all overruled, and the decree of the Chancery Court, dismissing the complainant's bill and adjudging the costs against complainant and the sureties on her prosecution bond, is affirmed.

The costs of the appeal will be adjudged against the appellant, Fleda Jarvis Brown, and the sureties on her appeal bond.

Crownover and Felts, JJ., concur.