HATCHER v. STATE ex rel. McGILL.—142 S. W. (2d) 326.

Eastern Section. March 3, 1940.

Certiorari Denied by Supreme Court, June 29, 1940.

A. M. Paine, of Sevierville, for plaintiff in error.
E. E. Creswell, of Sevierville, for defendant in error.

PORTRUM, J. This is a proceeding in bastardy. The mother, Tilda McGill, went before a Justice of the Peace and made affidavit charging the defendant Fred Hatcher as the father of the child, as provided by Code, Section 11936, et seq. And the Justice of the Peace, as he is directed to do by statute, transferred the papers to the County Court to be there heard before the County Chairman. The defendant appeared before the Chairman and made a counter affidavit required of him, denying that he was the father of the child. This made the issue and the Chairman heard the case on the 7th day of November, 1938, and from the evidence he was of the opinion that the defendant Fred Hatcher was not the father of the child. He ordered the proceeding dismissed, and at the time counsel repre-

senting the mother asked for and was granted an appeal to the next term of the Circuit Court, and a pauper oath was then taken and lodged with the County Chairman. He noted upon the Justice's warrant the prayer and grant of an appeal and the filing of the oath. He evidently thought that the case was tried like any other case before a Justice of the Peace, and as a consequence he transmitted all of the original papers to the Clerk of the Circuit Court for trial as a case on appeal from a Justice Court to the Circuit Court. After the trial counsel representing the defendant prepared a decree setting forth the finding of the County Chairman and ordered the case dismissed. But this order made no reference to the prayer and grant of an appeal to the mother, and when the order was given to the County Chairman he signed it and had it entered upon the minutes of the County Court as of October 7, 1938.

Soon thereafter the mother, Tilda McGill, employed other counsel, and upon his examination of the record as it appeared upon the minutes of the court, he discovered that the order contained no prayer or grant of appeal, and he applied to the County Judge for an additional order, since the time was within thirty days of the order and the same was in the breast of the court. He added at the bottom of the order, which had been entered on October 7, a paragraph showing an appeal had been prayed and granted on October 7, and provided that the order be entered nunc pro tunc as of October 7. The entire order as amended was reentered upon the minutes of the County Court as of October 25. The foregoing facts of record appear upon the transcript as filed by the County Court Clerk in the Circuit Court and as copied in the transcript of this court.

The term of the Circuit Court to which the case was appealed convened on Monday, November 7, 1938. At this term of the court counsel representing the mother, who will be designated as the plaintiff, applied to the court for an order, remanding the original papers filed in the court by the Chairman to the Clerk of the County Court, with direction that he make out, transmit, and file with the Clerk of the Circuit Court a transcript of the record as provided by the statute, where a case is appealed from the County Court to the Circuit Court. Code, sec. 9031. The Circuit Judge granted the order over the objection of the defendant.

At the March term, 1939, the Clerk of the County Court filed the transcript of the proceedings with the Clerk of the Circuit Court, and a motion was then made by the defendant to dismiss or strike the transcript because not filed within the statutory period; and because the pauper oath was not filed within time. (A second pauper oath having been filed on the 17th day of October, 1938, ten days after the entry of the judgment and eight days before the corrected decree of October 25.) These motions were heard and overruled by

the Circuit Judge and the case continued until the July term at which time the trial was had. After a hearing upon the merits, as to whether the defendant was guilty or not guilty, the trial court found from the facts, which he embodied in an opinion made a part of the transcript, that the defendant was in fact the father of the bastard child, and he gave judgment against him in the sum of $60 per year, payable to the clerk monthly, and until the child reached the age of twelve years. From this judgment the defendant filed his motion for a new trial, which being overruled, he prayed and prosecuted an appeal in error to this court.

The first assignment of error is that the court erred in not sustaining the motion to strike and dismissing the appeal for the reason that the transcript was not filed in the Circuit Court within the statutory period, that is at the first term after the trial of the case in the County Court which term intervened more than five days after the trial in the County Court. Code, Sections 9031, 9032. More than five days elapsed after the hearing in the County Court and the convening of the Circuit Court, that the hearing be treated as October 7 or October 25, and it is insisted that the statute is mandatory requiring the appellant to file the transcript with the Clerk of the Circuit Court on or before the first day of the term. In an opinion filed June 18, 1932, in the case of Green v. Craig, 164 Tenn., page 445, 51 S. W. (2d), 480, the Supreme Court held the statutory provision requiring the transcript of the record in the case appealed from the County Court to the Circuit Court to be filed by the first day of the term to which the appeal is taken is mandatory and requires an affirmation of the judgment appealed from if the transcript is not so filed. The case cites Hayes v. Kelley, 111 Tenn., 294, 76 S. W., 891. The case was instituted and tried before the enactment of the code.

And the case of In re Fox's Estate, 161 Tenn., 432, 33 S. W. (2d), 82, likewise held this statute is mandatory, and also cites the case of Hayes v. Kelley, 111 Tenn., 294, 296, 76 S. W., 891, and several prior cases thereto, holding the same. But this case was decided at the September term of the Supreme Court 1930, and prior to the enactment of the Code of 1932.

Shannon's Code, Section 4883, provides: "If the transcript is not filed within the time prescribed in the last section, or if the appellant shall fail to appear, or to prosecute his appeal, the judgment, sentence, or decree of the county court shall be affirmed."

Under a Note to the Section the compiler states: "Statute is mandatory and imperative." Citing numerous cases. This section is modified in the Code of 1932, being Section 9032, to read as follows: "If the transcript is not filed within the time prescribed in the last section, or if the appellant shall fail to appear, or to prosecute his appeal, the judgment or decree of the county court may, in the discretion of the court, be affirmed."

Judge Williams, the compiler of the Code, states in a note that the section as compiled in Shannon's Code was mandatory, and he states: "The provision of the statute . . . was formerly mandatory;" he clearly indicates that it was the purpose of his modification in compiling the new code to leave it to the discretion of the court.

██ In view of the modification as found in the Code of 1932, the court is of the opinion that the statute is no longer mandatory, but it is within the sound discretion of the trial judge whether or not the case will be affirmed for a failure to file the transcript within the statutory period. He exercised his discretion and permitted the filing of the transcript at a later term and there is nothing to indicate that he abused his discretion. It follows that the first assignment must be overruled.

██ It is next insisted that no valid appeal was ever prayed or granted and the case was not transferred to the Circuit Court and the motion to dismiss should have been sustained. The Chairman of the County Court noted upon the original warrant the granting of an appeal and the filing of the pauper oath on October 7, 1938. He was introduced as a witness for the defendant on the hearing and he testified that in fact he granted the appeal on October 7, and that the pauper oath was filed with him at that time. The fact that his action did not reach the minutes of his court, does not prejudice the right of the appellant, and he had authority to enter an order nunc pro tunc showing that appeal had been prayed and granted; it was the prayer and the grant of the appeal at the time of the trial which had effect and this judicial action could not be destroyed by failure to enter the same upon the record; it is the purpose of an order nunc pro tunc to protect against such oversight and to make the record speak the truth. And an order nunc pro tunc can be entered at a subsequent term, but the order in this case was entered within thirty days of the decree and within the monthly term. The pauper oath was in fact filed following the prayer and grant of the appeal on October 7, and it had the effect of removing the case to the Circuit Court; so when the record was made to speak the fact by the entry of the order nunc pro tunc, the appeal appeared regularly from the transcript filed in the Circuit Court. The fact that the pauper oath was not marked filed by the clerk is of no significance when it appears from the record that the paper was in fact lodged in the file within the time required by law. This question has been adjudicated by this court in several cases; the filing notation is only evidence and the fact may be supplied by other sources.

██ It is further insisted: "The proported appeal was sought and the oath for appeal was executed by a minor and is void for that reason, and the court should have so held." This question was raised for the first time upon a motion for a new trial, the plaintiff having testified that she was twenty years of age at the date of the trial.

The sufficiency of the oath had been tested at a prior term, but the record is silent as to the points raised. The practice is to conduct a preliminary independent hearing upon the sufficiency of the appeal bond or to dispauper the appellant, and the court thinks the matter comes too late after the trial of the case, especially when the plaintiff is successful. The error is harmless. Southern Ry. Co. v. Thompson, 109 Tenn., 343, 71 S. W., 820. And the fact that the proof shows that the plaintiff was only twenty years of age does not establish the fact beyond question that she was a minor. She may have been emancipated by legal proceeding or otherwise, and the presumption is that the holding of the trial judge is correct and conclusive, especially when the oath was attacked at a prior term and a hearing had, and this hearing not preserved in the bill of exceptions. The court says that an infant cannot appeal or prosecute a suit upon the pauper oath, that he is not capable of protecting his interest, but it also says "The right of action of a person under disability is protected against lapse of time by statute: Code sec. 2757." Cargle v. Railway Co., 75 Tenn. (7 Lea), 717. This holding demonstrates that the error was harmless. In the case of Luke v. State, 171 Tenn., 76, 100 S. W. (2d), 656, the defendant in a bastard case was less than eighteen years of age and he was permitted to prosecute an appeal on the pauper oath without question. Perhaps, the statute, not creating a voluntary action, grants the right of appeal to all parties personally.

There is an assignment that the evidence preponderates against the finding of the trial court. And incorporated in this assignment is: "The court erred in considering the child as evidence of parentage." We have read the evidence and concluded that it establishes to the satisfaction of the court that the defendant is the father of the child, and in doing so we do not take into consideration the resemblance between the child and the father for the reason that neither are before us in person or represented by photographs. An attempt is made to show that a forty-five-year-old uncle is the father of the child; they were seen resting upon bags of peas in a field where they had been picking peas but the period was more than ten months prior to the birth of the child and under the rule this evidence was not competent. Crawford v. State, 66 Tenn. (7 Baxt.), 41. The defendant had the opportunity and was seen in the woods near the spring where the girl had to go to get water. As we recall he admits being there on one occasion. No other is shown to have had the opportunity except an uncle forty-five years of age, and opportunity alone on the part of a near relative raises no presumption of guilt.

It is true that the trial judge was impressed greatly with the resemblance between the father and the child, commenting at length upon it in his opinion and questioning the defendant in refer-

ence to the resemblance. In a criminal charge it was held that it is not proper to exhibit the child to the jury, but that it is permissible for the child to be in the court room at the trial. Cook v. State, 172 Tenn., 42, 109 S. W. (2d), 98. If the trial judge had made no reference to the resemblance there would have been no error in the record, nevertheless he might have been greatly impressed with the resemblance which might have influenced his decision. Since the child could be present at the trial, then there is no way for the court to correct this error, and it becomes an uncorrectable error; further, that the Appellate Court can disregard the evidence upon a review when trying the case de novo.

The statute, Code, section 11954, provides: "Either party is entitled to an appeal to the circuit or criminal court, where the case may be tried by jury upon the issue of guilty or not guilty, as in other cases of issues of fact." The courts have construed this to mean that the issue presented is the guilt or not guilt of the defendant. Irwin v. State, 8 Humph., 14; Oneal v. State ex rel., 2 Sneed, 215. The Circuit Judge having found the defendant guilty, he should have remanded the case to the County Court for that court to fix the amount of the recovery. The county court is the only court that is authorized by law to fix the amount of the judgment and the manner of its payment; and the Circuit Court has no power to change or modify the judgment in this regard. Irwin v. State, 8 Humph., 14; Farrar v. State, 2 Tenn. Civ. App., 307. The judgment of the Circuit Court as to the guilt of the defendant is affirmed; the case is remanded to the Circuit Court, with directions to remand the case to the County Court to fix the amount of recovery as directed by statute, and to retain the cause upon the docket for future orders in case of the death of the child or its removal from the state. The cost of the cause is taxed against the defendant Fred Hatcher.

Ailor and McAmis, JJ., concur.